VAN ETTA vs. EVENSON, impleaded, etc.

*Note and Mortgage : Name of payee and mortgagee inserted after execution and delivery to agent.*

Where a note and mortgage otherwise fully executed, but with a blank in each for the name of the payee and mortgagee, were delivered to an agent who was to procure (from whomsoever he could) a loan of money thereon for the maker, this shows an intention that the agent should fill the blanks, and when so filled the instruments were valid without a new execution and delivery.

APPEAL from the Circuit Court for *Dane* County.

Action to foreclose a mortgage purporting to have been executed by *Thrond' Evenson* and Anna Maria, his wife, to secure a note made at the same time by one Hegg and said *Thrond Evenson.* The note and mortgage were given to secure money loaned by the plaintiff to said Hegg; and said *Evenson,* who was the owner in fee of the mortgaged premises, answered denying that he ever executed or delivered the mortgage, or ever received any consideration for it; and alleging that said mortgage and note were, as to him, false, fraudulent and void; and demanding judgment that they were void and be delivered up to be cancelled, and that the mortgage be satisfied of record. Reply in denial.

It appeared from the evidence that the names of *Thrond Evenson* and Anna Maria Evenson were signed to the mortgage and note by Hegg, who was the son of said Anna Maria and stepson of said *Thrond.* There was conflicting evidence as to whether such signatures were made with their knowledge and consent. It also appeared that the name of the payee and mortgagee was not inserted in the several instruments until after their execution; that they were made for the purpose of enabling Hegg to obtain a loan of money through one Brown, residing in the city of Madison; that at the time of their execution Hegg did not know from whom the money was to be obtained by Brown, and therefore did not know *to whom* the note and mortgage were to run; and that after he brought the securities to Brown for the purpose of delivering them and receiving the money, he inserted the name of the plaintiff, upon ascertaining from Brown that plaintiff was the person from whom the money was obtained.

The court found that the defendants made the note and mortgage as alleged in the complaint; that all the material allegations in the complaint were true; and that the matters set up in the answer of *Thrond Evenson,* by way of defense and coun-

terclaim, were not true.     Judgment of foreclosure against the defendants; from which *Thrond Evenson* appealed.

*J. C. Ford*, for appellant, contended upon the evidence that the appellant never authorized Hegg to sign his name to *this* mortgage or to deliver the same.   He further insisted that the note was probably void, and the mortgage certainly so, because the name of the payee and mortgagee was inserted by Hegg without any direct authority from the appellant or his wife, and without their knowledge, and the instruments were delivered without the express direction or knowledge of either of them. *Ayres v. Harness*, 1 Ohio, 173 ; opinion of MARSHALL, C. J., in 2 Brock., 64 ; 2 Nott & McC., 125 ; *Byers v. McClaunham*, 6 Gill & J., 250 ; *Gilbert v. Anthony*, 1 Yerg., 69.; *Graham v. Holt*, 3 Iredell, 300 ; *Woodworth v. Bank of America*, 19 Johns., 391 ; *Manning v. Norwood*, 1 Ala., 429 ; Shepherd's Touchstone, 54.

*Gregory & Pinney* for respondent :

Where one affixes his signature to a blank form, or to an instrument in which blanks remain to be filled, he *prima facie* authorizes the instrument to be filled or completed as such instruments are usually filled and completed.   *Bank v. Neal*, 22 How., 96 ; *Bank v. Kimball*, 10 Cush., 373 ; *Spitler v. James*, Am. Law Reg. for 1870, 605, and cases there cited.   And this principle has been extended to instruments under seal.   *Keane v. Smallbone*, 84 Eng. Com. Law, 179 ; *Vliet v. Camp*, 13 Wis., 205.   The authority is held to be deducible from the nature and objects of the instrument and its possession by a third party ; and the intention of the parties and the authority to fill the blanks are as clearly deducible in the case of an instrument under seal as of one not under seal.   This case is identical with that of *Texira v. Evans*, decided by Lord MANSFIELD, cited 1 Anstr., 228.   See also the observations of Justice WILSON, as to navy bills under seal.   1 Anstr., 229.   The doctrine of *Texira v. Evans* has been approved and applied in cases like the present in many American cases.   *Wiley v. Moor*, 17 S. & R., 438; *Smith v. Crooker*, 5 Mass., 539 ; *Duncan v. Hodges*, 4 Mc-

Cord, 239; *Richm. Man. Co. v. Davis*, 7 Blackf., 412; *Woolley v. Constant*, 4 Johns., 54; *Knapp v. Maltby*, 13 Wend., 587; *Ex parte Decker*, 6 Cow., 59; *Ex parte Kerwin*, 8 id., 118; *Com. Bk. v. Kortwright*, 22 Wend., 364; *Boardman v. Gore*, 1 Stewart (Ala.), 517; *Vliet v. Camp*, 13 Wis., 198; 1 Greenl. Ev., § 568 a, note 7.

DIXON, C. J. We decide the question of fact in this case, which was fully discussed by counsel, and which we too have fully examined, as it was decided by the court below, in favor of the plaintiff. Our reasons for this conclusion need not be stated at length, as upon such a question no one case can be a precedent for another. It is only to vindicate the correctness of its own conclusion in the particular case that the court ever enters into a particular or extended examination of the testimony. The correctness of our conclusion is sufficiently vindicated by reference to the testimony of Col. Vilas, which is very clear and strong, and, added to that of the other witnesses on the same side, creates a decided preponderance in favor of the plaintiff. It seems quite impossible that Col. Vilas, whose intelligence and truthfulness cannot be questioned, and who was wholly disinterested, could have been mistaken with regard to the facts to which he testified. We do not think that he was, and his testimony, or rather the admission of the defendant made to him, fully corroborates the testimony of the principal witness, Hegg, respecting the execution and delivery of the note and mortgage; and, however doubtful Hegg's testimony might otherwise be, it cannot be rejected when thus supported.

The execution and delivery of the note and mortgage seem to have been a most unfortunate affair for the defendant *Evenson*, and he has our sympathy; but we cannot, upon the testimony given, sustain his defense that he never executed them or assented to their execution and delivery.

The note and mortgage, at the time of their execution and delivery to Hegg, who was to negotiate and procure a loan of

money upon them, were in blank as to the payee of the one and the mortgagee of the other; and those blanks were subsequently filled by Hegg, who inserted the name of the plaintiff, from whom the loan was obtained. The only question of law in the case is as to the authority of Hegg thus to fill the blanks. It does not appear that the defendant directly or expressly authorized Hegg to insert the name of the plaintiff or of any particular person; and his authority to do so, if it existed, is to be implied from the facts and circumstances of the execution and delivery of the papers. It is insisted that no such authority can be implied, or expressly given by parol, to write or insert anything in sealed instrument after a delivery, and that a re-delivery is necessary to give it any validity. Authorities to this effect, and we believe all that are to be found, are cited. On the other hand, cases holding the opposite doctrine are cited. The latter are considerably the most numerous, and among them is a case in this court — *Vliet v. Camp*, 13 Wis., 198. This last really controls the present case, unless it is to be overruled; and we certainly see no occasion for that. The grounds upon which the opposite decisions proceed are well stated by Chief Justice MARSHALL in *The United States v. Nelson and Myers*, 2 Brockenbrough, 64. They are grounds of the purest and most unalloyed technicality, originating in a state of things and condition of the law which have long since passed away. This truth was clearly perceived and fully appreciated by the great chief justice, whose opinion, almost from beginning to end, was a struggle against the conclusion at which he arrived. He was overborne by what was at that time considered the weight of authority. In the course of the opinion he says : "If this question depended on those moral rules of action which in the ordinary course of things are applied by courts to human transactions, there would not be much difficulty in saying that this paper ought to have the effect which the parties, at the time of its execution, intended it should have." And he concludes it with the following remarkable statement: "I say with much doubt, and

with a strong belief that this judgment will be reversed, that the law on this verdict is, in my opinion, with the defendants." At the present day we labor under no such embarrassment; for the great weight of authority undoubtedly is, that effect will be given to the plain intention of the parties, notwithstanding the instrument may be under seal, and notwithstanding the technical rules of the early common law with respect to the execution and delivery of such instruments.  If it be manifest that it was the intention of the party by whom the instrument was executed, at the time of its execution, that the name of the payee or mortgagee should be afterwards supplied and written in by the person to whom the instrument was delivered, then the rule of law is, that the name may be so supplied and written in, and complete effect given to the instrument according to such intention.

The intention of the defendant in this case is clearly manifested by the facts and circumstances attending the execution and delivery of the note and mortgage to Hegg, and the purposes for which they were executed and delivered; and the subsequent insertion of the name of the payee and mortgagee by Hegg was a valid execution of an implied authority that the same should be so inserted by him.

*By the Court.* —Judgment affirmed.