Statement of the case.

## W. H. THREADGILL ET AL. v. EMILINE L. BUTLER.

(Case No. 1633.)

1. POWER — DEED.— In 1848 the owner of land sold the same, received the purchase money and acknowledged and delivered a deed, perfect in every respect except that the name of the grantee was not inserted in a blank left for that purpose.  At the same time the purchaser was verbally authorized by the vendor to fill the blank with his name, or that of any one to whom he might sell the land.  In 1856 the purchaser sold the land to another, and with his deed delivered the deed he had received, with the blank not yet filled, and which he never filled until 1878, when, his attention being called to it, he inserted his own name.  *Held*:

(1) The verbal authority given by the vendor to fill the blank with the name of the grantee, or with any other name, was sufficient.

(2) The power to fill the blank was a power coupled with an interest, and was irrevocable.

(3) The fact that the purchaser had sold the land to another before he executed his power to fill the blank did not work a revocation of his authority.

ERROR from McLennan.  Tried below before the Hon. L. C. Alexander.

On August 31, 1878, Butler brought this suit of trespass to try title against Threadgill and others to recover the land described in the petition.  Subsequently by amended petition the unknown heirs of Thomas McDonough were made parties, etc.

The case as made by the pleadings was in substance that the land in controversy was patented to Thomas McDonough as assignee of William Russell, September 9, 1847.  March 17, 1848, McDonough sold the same to L. J. Latham for $100, received the purchase money, and executed, acknowledged and delivered to Latham a deed complete in every respect except there was a blank left in which the name of the grantee was to be inserted, and at the same time he authorized Latham to fill the blank with his own or the name of any other person to whom he might sell the land, and also delivered the patent for the land to Latham together with the deed.  In 1856 Latham sold the land to Butler and conveyed the same by warranty deed, and at the same time delivered to him the patent; also the deed from McDonough to Latham.  The blank was not noticed or thought of at that time.  In 1878 Butler noticed the blank and called Latham's attention to it, and he filled the blank by inserting his own name.

The court appointed an attorney to represent the unknown heirs of McDonough, and he asserted the invalidity on account of the blank, etc.  The other defendants answered by plea of not guilty and also asserted the invalidity of the deed.

The cause was tried by the court and judgment rendered for Butler for the land, etc., from which this appeal was taken.

Plaintiffs in error rely upon two errors to reverse the judgment: 1st. That evidence failed to show title in Butler.   2d. It was not shown that McDonough was dead.

*Anderson & Flint,* for plaintiff in error, cited: Ragsdale *v.* Robinson, 48 Tex., 379; McCown *v.* Wheeler, 20 Tex., 372; Viser *v.* Rice, 33 Tex., 156; Drury *v.* Foster, 2 Wall., 24–33.

*E. H. Graham,* for defendant in error, cited: McCown *v.* Wheeler, 20 Tex., 373; Viser *v.* Rice, 33 Tex., 156; Ragsdale *v.* Robinson, 48 Tex., 379; Hollis *v.* Dashiell, 52 Tex., 187; Drury *v.* Foster, 2 Wall., 24–33; Van Etta *v.* Evenson, 9 Am., 488; Swartz *v.* Ballou, 29 Am., 475.

WATTS, J. COM. APP.— Formerly, when seals were essential, it was generally held that blanks in deeds, bonds and other specialties could not be supplied, and the instrument perfected by any one acting under parol authority.  But more recently, since seals have been generally abolished, and but little importance attached to their use, undoubtedly the weight of authority sustains the proposition that any one acting under parol authority can fill blanks, and perfect such instruments in accordance with the intention of the parties.

In the case of Inhabitants of South Berwick *v.* Huntress, 53 Me., 90, the court said: "It seems to be now well settled, that where a party executes a deed or other instrument, and delivers the same to another in an imperfect state, and gives authority to that person to fill up the blanks and thus perfect the instrument, and he does so, its validity cannot be controverted.  This authority may be by parol.  It may be implied from the facts proved, when those facts fairly considered justify the inference.  When the authority is established, either by evidence of express authority or by implication, the power will extend as far as such express or implied authority is given."   See, also, Wiley *v.* Moore, 17 S. & R. (Penn.), 439; McDonald & Mills *v.* Eggleston, Baker & Co., 26 Vt., 160; Van Etta *v.* Evenson, 28 Wis., 33; Swartz *v.* Ballou, 47 Iowa, 188; Drury *v.* Foster, 2 Wall., 33.

In Drury *v.* Foster the court said, in substance, that if a person competent to convey real estate, generally, sign and acknowledge a deed in blank, and deliver the same to an agent, with an express

or implied authority to fill up the blank and perfect the conveyance, its validity could not be well controverted. Although it was at one time doubtful whether a parol authority was adequate to authorize an alteration or addition to a sealed instrument, the better opinion at this day is that such power is sufficient. While in Van Etta v. Evenson, *supra*, the court, after reviewing the authorities upon the subject, said: "At the present day we labor under no such embarrassment; for the great weight of authority undoubtedly is that effect will be given to the plain intention of the parties, notwithstanding the instrument may be under seal, and notwithstanding the technical rules of the early common law with respect to the execution and delivery of such instruments. If it be manifest that it was the intention of the party by whom the instrument was executed, at the time of its execution, that the name of the payee or mortgagee should be afterwards supplied and written in by the person to whom the instrument was delivered, then the rule of law is that the name may be so supplied and written in, and complete effect given to the instrument according to such intention."

This doctrine is recognized, at least to a limited extent, by our supreme court in Ragsdale v. Robinson, 48 Tex., 397, and Hollis v. Dashiell, 52 Tex., 194.

Here it clearly appears that the purchase money was paid to McDonough, and that the sale and conveyance was, in every respect, complete, save that the name of the grantee was not inserted in the deed. It also appears that it was intended by the parties that the title should vest in Latham at once, and he was expressly authorized by McDonough, at the time the deed was delivered, to insert his own, or any other, name in the deed as grantee. This was a power coupled with an interest vested by McDonough in Latham for the benefit of the latter, and is therefore irrevocable.

The delay upon the part of Latham is sufficiently explained. It seems that the omission was entirely overlooked until 1878, but as soon as it was discovered the omission was supplied by Latham inserting his name in the deed as the grantee. This was in accordance with the understanding of the parties. And the fact that he had theretofore conveyed the land to Butler did not work a revocation of Latham's power to perfect the instrument by inserting his name as the grantee. Besides, equity will consider that as done which should have been done.

In our opinion, the evidence fully established title in Butler, and in this respect the judgment is sustained by the evidence.

McDonough's death was alleged in the amended petition and his

unknown heirs were made parties to the suit. The attorney appointed to represent them appeared and answered to the merits, and the case was litigated upon the assumption of his death. The objection in this particular, as presented, is not entitled to serious consideration.

We conclude that the judgment ought to be affirmed.

AFFIRMED.

[Opinion approved January 22, 1884.]