H. HENKE AND C. G. PILLOT v. WILLIAM STACY.

Decided February 16, 1901.

1.—Deed—Filling Blanks After Acknowledgment—Registry as Constructive Notice.

Where the description of the land in a deed was filled in by the grantor after he had duly acknowledged the instrument, and he then forwarded the deed to the grantee, who accepted it and placed it on record, not knowing that it was incomplete at the time of its acknowledgment, the conveyance was valid between the parties, and its registry imparted constructive notice of the rights of the grantee to third parties who subsequently acquired an interest in the property from and under the grantor.

2.—Same—Notarial Record—Description of Property Therein.

The statute requiring the notary to enter the facts of acknowledgment and a description of the land affected in a record kept for that purpose are directory only, and his failure to perform such duty invalidates neither the deed nor the certificate of acknowledgment.

3.—Acknowledgment—Certificate Conclusive Except in Cases of Fraud.

Where the certificate of acknowledgment is regular on its face, it can not be so impeached as to destroy the effect of the record of the instrument thereon except in cases of fraud.

Appeal from Liberty. Tried below before Hon. L. B. Hightower.

*A. C. Bullitt,* for plaintiffs in error.

*Martin & Douglas* and *M. D. Rayburn,* for defendant in error.

GILL, ASSOCIATE JUSTICE.—This suit was brought by defendant in error in the form of an action of trespass to try title, to recover of plaintiffs in error 492 acres of land situated in Liberty County, Texas. The trial below resulted in a judgment in favor of defendant in error, and that judgment is here assailed under appropriate assignments of error.

One S. Liken executed to plaintiffs in error a deed of trust upon the land in controversy and other lands to secure the payment of a debt due by him to them. The attorney who prepared the deed of trust did not have at hand an accurate description of the Woodbury tract, which comprised the land in question, so he forwarded same through plaintiffs in error to Liken, with the request that he (Liken) should insert the proper description, sign and acknowledge it and forward to Henke and Pillot. Liken signed and acknowledged the paper before a notary public, but did not insert the description of the Woodbury tract until after the instrument had been acknowledged and duly certified, and had passed from the notary's hands back to his. When the additional description had been inserted by Liken, he himself forwarded the paper by mail to Henke and Pillot, and they, having no knowledge or reason to believe that the description of the Woodbury tract had not been inserted prior to acknowledgment, accepted the deed of trust and placed it promptly of record in Liberty County, on the 9th day of April, 1895.

On January 30, 1895, Lucien Minor, as guardian of the Opperman

heirs, sued Liken for the land involved in this suit, asserting the superior title thereto to be in said heirs. Liken, being advised by his attorney that the title asserted by the Opperman heirs was superior to his, decided to end the litigation by payment to them of an agreed sum of money. The amount agreed on was $1400. Not being possessed of this sum, he represented the situation to Stacy, the defendant in error, and induced him to pay the $1400, and take a deed to himself from the Opperman heirs. These heirs were minors, and the guardianship of their estates was pending in Galveston County. To avoid the delay and expense involved in procuring a deed from the guardian, it was agreed between Stacy, Liken, and all concerned that the money should be paid and judgment rendered in favor of and in the name of Liken, but that Stacy should be the owner of the judgment and the land because of his payment of the money by which it should be procured. This was accordingly done. Stacy had no actual notice of the Henke and Pillot deed of trust, though at the date of the transaction the deed of trust had been placed of record. Stacy, relying upon the assurance of Liken that the land was unincumbered, did not examine the records. Henke and Pillot were not parties to the Opperman suit, and had no knowledge of these transactions until after they had foreclosed the deed of trust, as hereinafter shown.

Liken died in November, 1895, and one B. F. Cameron was appointed administrator of his estate. Upon application of Henke and Pillot the land was by the probate court ordered sold to satisfy their lien, and they became the purchasers at administrator's sale. This sale occurred on April 16, 1897, and same was duly approved and deed made to them by the administrator. On the date of the execution of the last named deed, this suit was instituted by Stacy, who, to sustain his allegation of title in himself, relies alone upon the transaction by which the judgment was procured in the case of the Opperman minors against Liken, and his want of notice, either actual or constructive, of the Henke and Pillot deed of trust.

Stacy contends that by reason of the fact that the description of the land in controversy was not inserted in the deed of trust until after its acknowledgment before a notary, its record was not constructive notice of its contents as affecting that land.

Henke and Pillot contend that, as the description of the land in controversy was inserted before it left the hands of Liken, the maker, and in such a way as to bind him, and as they were without knowledge of the time and manner of its insertion and without fault in the premises, the deed of trust and its record were in all respects valid and effective as constructive notice of its contents.

Thus is presented the question upon which the rights of the respective parties rest. The trial court held that if the description was inserted after acknowledgment, its record was not constructive notice, and this holding is assigned as error.

It seems to be conceded that the transaction by which the Opperman judgment was procured and the agreement that it should inure to the benefit of Stacy placed the equitable title to the land in him. Inasmuch as that judgment effectually vested in Stacy such title as the Opperman heirs had, the above concession is correct, at least to that extent, and as Liken induced Stacy to purchase the Opperman title, representing that it was superior to his, Liken, in a contest between him and Stacy, would perhaps have been estopped to assert that his title was in fact superior to the one purchased by Stacy.

But no evidence was adduced tending to establish the strength of the Opperman title, so this appeal must be disposed of on the theory that the title mortgaged to Henke and Pillot was paramount. The apparent title was therefore in the estate of Liken at the date of the administrator's sale for the satisfaction of the deed of trust, and if the record of the deed of trust was constructive notice, Henke and Pillot, having no notice of Stacy's claim at the date of foreclosure, acquired a perfect title through that proceeding, against which the secret interest of Stacy can not now be permitted to prevail.

Did the record of the deed of trust in question constitute constructive notice to Stacy? When the deed of trust was delivered to Henke and Pillot it contained the description, and was in all respects regular and ready for registration. It was presented to the county clerk in this condition, and he did no more than his duty in placing it of record. Had Stacy inspected the record, it would have advised him of the existence of the lien, and he would have discovered nothing upon the face of the record, nor indeed upon the face of the original instrument itself, to excite suspicion as to its validity. It was in fact valid and binding upon Liken, who executed it.

In determining the question at issue it is proper to treat the deed of trust as covering only the Woodbury tract, and as containing no description of any land at the time it was acknowledged.

We have been cited to but one authority bearing exactly upon the question, and that is from another State. In discussing registry as proof, Mr. Dembitz, in his work on Land Titles, uses the following language: "To make registry proof the following circumstances must concur. The instrument must be one which under the law is fit to be recorded. (2) It must bear on its face evidence that it was admitted to record upon a proper certificate of acknowledgment. * * * (3) It must have been entered * * * in the proper county."

Measured by this rule, and it is clearly sound, a certified copy of the record, the instrument in question being lost, would have been proof of its execution as against the grantor, and he would not be permitted to show, in order to defeat such proof, that the deed of trust did not contain the description when acknowledged. It is clear, therefore, that both the instrument and the record of it was valid as between the parties. To declare a different rule would impose upon purchasers the duty to look not alone to the deed and certificate of the officer, but to interrogate

the notary himself, in whatever land the notarial act ·may have been done, in order to ascertain whether the deed had undergone some material change since its acknowledgment and authentication. Even should this ·precaution be taken, the notary's assurance that the deed had undergone no change would be extra-official, and he might not answer truthfully. If third parties were permitted to question the truth of the certificate, ·with how much greater ease might they overthrow his oral representation? The statute requiring the notary to enter the facts and a description of the lands affected in a record kept for that purpose are directory only, and his failure to perform such duty would invalidate neither the deed nor the certificate of acknowledgment.

The line of cases holding that the acknowledgment by a married ·woman of a deed in which a blank was left for the subsequent insertion of the name of the grantee, is void as to her, base the holding upon a different principle, and mainly upon the rule that a feme covert can not authorize another to perfect her deed. See 1 Dembitz on Land Titles, 338; Drury v. Foster, 2 Wall., 24. In the case last cited, however, it is said: "Although it was at one time doubted whether parol authority was adequate to authorize an addition or alteration to a sealed ·instrument, the better opinion at this day is that the power is sufficient."

In Cribben v. Deal, 21 Oregon, 211, a firm made a deed of general as-·signment and duly acknowledged same, leaving a blank for the name of the assignee to be filled by a third party to whom the instrument was delivered. The blank was filled and the instrument duly placed of record. The deed was assailed by a subsequent attaching creditor, but the court, after an exhaustive review of the authorities, upheld the deed. In the authorities cited in that opinion the validity of the instruments themselves were involved, and the force of their registration was not directly up for decision, but it seems to us that the principle is much the same. Many of the decisions cited in Cribben v. Deal, supra, were rendered in States where the old common law rule as to sealed in-·. struments still prevails, hence the filling of the blank must have been held to relate back to the sealing of the instrument. The doctrine of the power to authorize another to fill blanks in a deed after signature and acknowledgment has been carried even further in this State. Threadgill v. Butler, 60 Texas, 599; Ragsdale v. Robinson, 48 Texas, 379; Runge v. Schleicher, 21 S. W. Rep., 423.

Another view of the question involves the right of either a party or a stranger to the instrument to question the truth of the notarial certificate when, upon its face, it is in all respects sufficient and regular. In Hartley v. Frosh, 6 Texas, 208, Chief Justice Hemphill said: "It seems to me on principle and authority that the certificate (of the notary) must be conclusive of the facts herein stated, unless fraud or imposition is alleged." In Peterson v. Lowrey, 48 Texas, Chief Justice Roberts said: "Nor are we prepared to hold that a certificate regular on its face upon which an instrument has been recorded could be set aside as a nullity by proof of extraneous facts so as to prevent the record of the instrument

from being notice to subsequent purchasers. No authority has been cited or found to that effect."

In Pierce v. Fort, 60 Texas, 469, it is held not to be the duty of the grantee to see to it that the notary does his duty in taking the acknowledgment of a married woman his grantor. In Freiburg v. De Lamar, 7 Texas Civil Appeals, 263, the case of Hartley v. Frosh, supra, is cited as establishing the rule that recitals in a notary's certificate are conclusive, unless assailed for fraud. To the same effect is Davis v. Kennedy, 58 Texas, 516, and Webb v. Burney, 70 Texas, 323.

It thus appears that in this State even a married woman can not assail the acknowledgment except for fraud, and that a vendor acting in his own right who delivers to an innocent vendee a deed purporting on its face to have been regularly executed and acknowledged, can not thereafter question either its execution or acknowledgment, and that its record is good as against him. It has also been shown that the courts of this State have extended the doctrine permitting vendors to execute and acknowledge deeds with blanks to be thereafter filled.

In the case of Insurance Co. v. Corey, 135 New York, 326, the doctrine as to the binding force of a deed, prima facie valid and ready for registration, as affecting the grantor, is clearly announced, and it is declared with equal directness that the record of such an instrument will constitute constructive notice to the subsequent vendees of the grantor. In that case the acknowledgment was assailed for want of jurisdiction on the part of the notary.

We therefore conclude that the trial court erred in holding that the insertion of the description subsequent to the acknowledgment rendered its record inoperative as constructive notice. The cases cited by appellee do not appear to be in conflict with the conclusion reached.

Other assignments presenting minor questions require no extended notice at our hands. They are believed to present no error. For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*