## William Stacey v. Henke & Pillot.

Decided May 14, 1903.

**1.—Mortgage by One Without Title—Title Subsequently Acquired in Trust.**

L. gave defendants a mortgage upon a tract of land for which he was then being sued, and of which the adverse claimants afterwards proved to be the real owners, and he thereupon purchased their title, but not having the money to pay for it, agreed that plaintiff should take it, upon advancing the money, which plaintiff did. Judgment for the land was by agreement with the adverse claimants rendered in favor of L., and he was to convey it to plaintiff, but died without having done so. Defendants foreclosed their mortgage through the probate court without notice of plaintiff's title, and purchased at the foreclosure sale, crediting the bid on their debt. Held, that plaintiff was entitled to recover the land of defendants, as L. never had the title thereto except in trust for plaintiff.

**2.—Same—Probate Foreclosure.**

The judgment of the probate court foreclosing defendants' lien was not binding on plaintiff, the real and equitable owner of the land, who was not a party thereto.

**3.—Same—Notice Immaterial.**

Defendants' mortgage was of record at ·the time plaintiff purchased through L., but questions as to the sufficiency of the record to charge notice are immaterial, since plaintiff, as a purchaser of the real title from an adverse claimant, could not be affected by notice of the mortgage either constructive or actual.

Appeal from the District Court of ·Liberty. Tried below before Hon. L. B. Hightower.

*J. D. Martin, W. L. Douglass, M. D. Rayburn,* and *Greer & Minor,* for appellant.

*A. C. Bullitt,* for appellees.

GILL, ASSOCIATE JUSTICE.—S. Liken, of Liberty County, being indebted to the firm of Henke & Pillot, of Houston, Texas, agreed to secure the same by a deed of trust upon certain lands claimed by him. The attorney of Henke & Pillot prepared the deed of trust and forwarded it by mail to Liken for execution. It was intended that the tract of land, known in this litigation as the "Woodbury tract," situated in Liberty County, should be included in the deed of trust, but the attorney who prepared the instrument did not have the description, so in the letter which accompanied the paper to Liken he was requested to insert the description, execute and acknowledge the paper and forward it to Henke & Pillot. Liken executed the paper on April 2, 1895, and acknowledged it before a notary before the Woodbury tract was inserted. This was done because at that date he did not have the description. Two or three days later he procured the description, inserted it, and, without reacknowledgment or notice to the notary, forwarded it to Henke & Pillot. The latter, with knowledge that the description had been inserted subsequent to acknowledgment, accepted the instrument and placed it of record on April 9, 1875.

Prior to this transaction between Liken and Henke & Pillot the Opperman heirs had sued Liken for the Woodbury tract of land, and the suit was then pending and undisposed of in the District Court of Liberty County, Texas.

On the 6th day of September, 1895, Liken, having been advised by his attorneys that the better title was in the Opperman heirs, concluded to terminate the litigation by a purchase of their title. In pursuance of this purpose the sum of $1400 was agreed on as the price to be paid. In view, however, of the difficulty and delay involved in procuring a deed from the minors, it was finally arranged that Liken, on payment of the agreed sum, should take judgment for the land. Liken did not have the necessary funds, so he induced Stacy to take the bargain off his hands. This Stacy agreed to do, and for convenience it was arranged that Liken should take judgment in his own name, but in fact for the use of Stacy, and thereafter deed the land to Stacy. The money was paid by Stacy, and the judgment taken as agreed on the date last above named, but the land was never deeded to Stacy, as Liken soon thereafter fell ill and died. In inducing Stacy to buy the Opperman title Liken assured him that the land was unincumbered, and he parted with his money without actual notice of the Henke & Pillot deed of trust.

In the course of the administration of the Liken estate the land was inventoried as the property of the estate, and Henke & Pillot, without notice of the interest of Stacy, applied to the probate court to foreclose their deed of trust and to sell the lands, including the "Woodbury tract" for its satisfaction. This was done, and Henke & Pillot became purchasers at the sale, having bid the amount of their claim, principal and interest and 10 per cent attorney's fees. Thereupon the administrator made them a deed, the debt being receipted in full. Later the firm

paid to their attorney for his services in the matter a sum equal to 10 per cent of their claim against the estate.

On the day the sale was made Stacy brought this suit against Henke & Pillot to recover the land. It was in the form of trespass to try title and to remove cloud.

A trial before the court without a jury resulted in a judgment for Henke & Pillot, from which Stacy has appealed and assigned errors which present the points hereinafter discussed.

This is the second appeal, the former being by the present appellees. On the former appeal there was no proof that the Opperman title was in fact superior to the Liken title. Upon that state of the record this court held that the Liken title would be treated as paramount, and as the Henke & Pillot trust deed was of record when Stacy acquired his interest, the cause should be reversed. 25 Texas Civ. App., 272, 61 S. W. Rep., 509.

On this appeal it affirmatively appears that the Opperman title is superior. It is so found by the court, and as the finding is not assailed, it is not necessary to set out the title at length.

A serious question on the former appeal was the validity of the record of the deed of trust, but in our view of the record as it now stands that question is no longer material.

The transaction between Stacy and Liken has much the semblance of a mortgage, but as it has been treated by the parties upon both appeals as a purchase of the land, we have no reason to doubt that the transaction was of an absolute nature. This being true, a reversal of the judgment is inevitable. Liken gave Henke & Pillot a mortgage on land which he did not own, and which had even then been drawn into litigation by the Opperman heirs holding the true title. Had Liken subsequently perfected his title, it would doubtless have inured to the benefit of the holders of the mortgage. But this he did not do. On the contrary he suffered Stacy to acquire the Opperman title, himself taking it in trust for Stacy. He held the legal title in trust for Stacy at the date of his death, whereupon it descended to his estate. Henke & Pillot, in foreclosing upon the land, could purchase no greater interest than the estate had, except as innocent purchasers for value without notice, and it has already been shown that they were not purchasers for value as that term has been construed in this State.

Appellees contend that the judgment of the probate court ordering the land sold for the payment of debts bound Stacy as one interested in the estate. This proposition would doubtless be sound if the interest of Stacy amounted to no more than an interest in the estate. But his interest was not in the form of a claim against the estate. He owned the equitable title to the land. It was such a title as would sustain an action of trespass to try title. The estate owned no beneficial interest, and therefore had nothing to sell. This being true, Stacy was no more bound by the order of the probate court decreeing the foreclosure

and sale than any other owner of land erroneously sold as the property of another's estate.

In this view of the case the record of the trust deed has no bearing upon the rights of Stacy. If he had actually known of its existence, he might still have bought the Opperman title as he did, unaffected by the lien.

For the reasons given the judgment of the trial court is reversed and judgment here rendered in favor of appellant Stacy.

*Reversed and rendered.*

Writ of error refused.