## GLASSCOCK v. FARMERS ROYALTY HOLDING CO. et al.
### Civ. A. No. 952.

District Court, S. D. Texas, Houston Division.
July 26, 1944.

Lawler, . Wood & Childress and R. Wayne Lawler, all of Houston, Tex., for plaintiff.

Tamp W. Grobe, of Houston, Tex., and Marvin D. Fertsch, of Hallettsville, Tex., for defendants.

KENNERLY, District Judge.

This suit involves the title to an undivided one-half interest in the minerals under approximately 1884 acres of land in Colorado County, in this District and Division. The jurisdiction is by reason of diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeding $3000.

The facts are substantially as follows:

(a) John D. Herder, formerly of Colorado County, but now deceased, is the common source of title. The Pre-Trial Stipulation sets forth certain facts, which are referred to and made a part hereof.

(b) I find the facts to be as stated in defendants' Tenth Defense in their Answer filed March 30, 1943, and that the oil leases described in such Tenth Defense were duly executed and are in evidence here, and contained, among other recitals, the recital set forth in such Tenth Defense.

1. Since it is stipulated that none of the defendants have ever been in actual possession, use or occupancy of the property in controversy, defendants' pleas of the Texas two, four, five, and ten year Statutes of Limitation need be given no consideration.

2. Since the two deeds, dated November 25, 1931, from John D. Herder, the common source, under which defendants claim, were filed for record in the county in which the property is situated long prior to November 1, 1940, the date of plaintiff's deed from the common source, the question of whether plaintiff is or is not a bona

fide innocent purchaser for value under the Texas Statutes is not presented.

3. There is no pleading or claim by plaintiff that the consideration for such two deeds under which defendants claim has failed, or that John D. Herder was fraudulently induced to execute them, hence those questions are not in the case.

It is clear that the parties in their Pre-Trial Stipulation have pointed out the two questions for decision.[1]

4. The first question is whether the two deeds, dated November 25, 1931, from John D. Herder, under which defendants claim, which contained no description of any property when signed and acknowledged by Herder, the description of the property having been later inserted in the deeds by the grantees, were sufficient under the Texas law to pass title.

A conclusion must be reached in the light of several Texas Statutes. One of these is Article 1 of Vernon's Annotated Texas Statutes as follows:

"Article 1: Common law.

"The common law of England, so far as it is not inconsistent with the Constitution and laws of this State, shall together with such Constitution and laws, be the rule of decision, and shall continue in force until altered or repealed by the Legislature."

The common law, insofar as it has been adopted in Texas, was originally adopted by Act of the Congress of the Republic of Texas, approved January 20, 1840 (Section 1, Page 177, Volume 2, of Gammel's Reprint Laws of Texas). At the same Session of the Congress, there was adopted an Act to prevent frauds and fraudulent conveyances, approved January 18, 1940 (Page 202, Volume 2, of Gammel's Reprint Laws of Texas), which, as amended, appears as Article 3995 of Vernon's Annotated Texas Statutes, as follows:

"Art. 3995. No action shall be brought in any court in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized:

\* \* \* \* \*

"4. Upon any contract for the sale of real estate or the lease thereof for a longer term than one year."

Article 1288 of Vernon's Annotated Texas Statutes taken from the Act of February 5, 1840 (Page 327, Volume 2, Gammel's Reprint Laws of Texas), is as follows: "Article 1288. No estate of inheritance or freehold, or for a term of more than one year, in lands and tenements, shall be conveyed from one to another, unless the conveyance be declared by an instrument in writing, subscribed and delivered by the party disposing of the same, or by his agent thereunto authorized by writing."

Early in the history of Texas, private seals in the execution of written instruments were abolished, so that we now have Article 27 of Vernon's Annotated Texas Statutes as follows: "Art. 27. Each commissioner and each commission and each board which is or may be created by the laws of this State shall have authority to adopt a seal with which to attest its official documents, certificates or any official written paper of any kind. No private seal or scroll shall be required in this State on any written instrument except such as are made by corporations."

Construing these Statutes is the leading case of Threadgill v. Butler, 60 Tex. 599, 601. In that case, a deed, dated in 1847, from McDonough to Latham was complete in every respect except there was a blank left therein in which Latham was authorized to insert as grantee his own name or that of any other person. In 1856, Latham conveyed the land to Butler, but the blank was not noticed until 1878, when at Butler's request, Latham inserted his own name. The holding of the Court is summed up in these words in the opinion: "Formerly, when seals were essential, it was generally held that blanks in deeds, bonds and other specialties could not be supplied, and the instrument perfected by any one acting under parol authority. But more recently, since seals have been generally abolished, and but little importance attached to their use,

[1] The Pre-Trial Stipulation sets forth that the following are the issues:

"(1) Whether the deeds of November 25, 1931 from Herder to G. T. Blankenship and Farmers Royalty Holding Company were valid and conveyed to the grantees therein named the mineral interests there-in described and purported to be conveyed.

"(2) Whether the execution, subsequent to said deeds, by Herder of the oil and gas leases pleaded by the defendants so ratified or confirmed the defects, if any, in the deeds of November 25, 1931 as to make them valid and effective conveyances."

undoubtedly the weight of authority sustains the proposition that any one acting under parol authority can fill blanks, and perfect such instruments in accordance with the intention of the parties."

In Tarrant County v. McLemore, Tex. Sup., 8 S.W. 94, 96, M. T. Johnson executed to the Chief Justice of Tarrant County a deed to a lot 100 feet square in the City of Fort Worth, but failed to give the number of either the lot or block. Johnson authorized the Chief Justice to select the lots desired for a jail and to insert the description in the deed. Construing the deed, the Supreme Court of Texas says: "The parol authority was sufficient; and, if the blanks had been filled by the agent before the death of Johnson, the statute of frauds would not have affected it; it would have passed the title to the lots. Threadgill v. Butler, 60 Tex. [599], 600; Wiley v. Moor, 70 S. & R., Pa., 438 [17 Am.Dec. 696]."

Here the description of the property was filled in long before the death of Herder.

In Schleicher v. Runge, Tex.Civ.App., 37 S.W. 982, 984 (Also Runge v. Schleicher, Tex.Civ.App., 21 S.W. 423), there was a deed purporting to be from Schleicher to Rossy before the Court, which was without any expressed consideration, and no grantee was named or in any way designated. The Court concluded: "That upon the authority of Threadgill v. Butler, 60 Tex. 599, and authorities there cited with approval, it was competent for plaintiff to prove by parol the circumstances attending the execution and delivery of the deed from Schleicher to Rossy, and the power arising therein to fill the blanks as above stated. See authorities cited in that case; also, Clark v. Allen, 34 Iowa 190."

In Southern Pine Lumber Co. v. Arnold, Tex.Civ.App., 139 S.W. 917, 922, Waterhouse signed a printed blank form of power of attorney, which Johnson filled up, etc. It is there said: "The signing of a blank paper, or a printed blank form which without the insertion of other matter is meaningless, is not the execution of a written instrument. It is true the signature may be first affixed, and the substance of the conveyance, or power of attorney, be subsequently written above it under such circumstances as to make the instrument when complete valid and binding; but it becomes so because of its adoption by the grantor. It is also held that parol authority to fill blanks which have been left in an instrument required by law to be in writing is sufficient. McCown v. Wheeler, 20 Tex. 372; Ragsdale v. Robinson, 48 Tex. 379; Threadgill v. Butler, 60 Tex. 599. But there is a distinction between the cases above referred to and one where a grantor signs in blank and verbally commits to another the authority to write, or not write, a conveyance or power to convey over his signature, and also the discretion of determining whether or not the conveyance or power of attorney shall be filled and delivered, to whom the grant shall be made, to what property it shall apply, the extent of the agent's authority, and under what circumstances it shall be delivered."

In Dallas Joint Stock Land Bank v. Burck, Tex.Civ.App., 102 S.W.2d 1074, 1076, the name of a grantee in a deed was erased, and with the consent of the grantor, another name substituted. The Court says: "It was formerly the rule in this state that a deed executed with a blank left for the name of the grantee could pass no title, but the later cases have repudiated that view and it is now held that when such blank has been filled with either express or implied authority from the grantor, such an instrument does operate to pass the title to the land described therein. 2 Tex.Jur. p. 709, § 17; Threadgill v. Butler, 60 Tex. 599, 600 et seq.; Ragsdale v. Robinson, 48 Tex. 379, par. 5."

Other Texas cases are Henke v. Stacy, 25 Tex.Civ.App. 272, 61 S.W. 509; Fennimore v. Ingham, Tex.Civ.App., 181 S.W. 513; Gray v. Fenimore, Tex.Com.App., 215 S.W. 956; Blankenship v. Mott, Tex.Civ. App., 104 S.W.2d 607; Matson v. Jarvis, 63 Tex.Civ.App. 376, 133 S. W.941; McDorman v. Goodell, Tex.Civ.App., 69 S.W. 2d 428, 429; Finkelstein v. Roberts, Tex. Civ.App., 220 S.W. 401; Farmers Royalty Holding Co. v. Jeffus, Tex.Civ.App., 94 S. W.2d 255; Macedonia Baptist Church v. Farm & Home Savings & Loan Assn., Tex. Civ.App., 110 S.W.2d 1013; McCown v. Wheeler, 20 Tex. 372; Ragsdale v. Robinson, 48 Tex. 379; Sanger v. Warren, 91 Tex. 472, 44 S.W. 477, 66 Am.St.Rep. 913; Mondragon v. Mondragon, 113 Tex. 404, 257 S.W. 215.

Plaintiff apparently relies upon Farmers Royalty Holding Co. v. Jeffus, Tex.Civ. App., 94 S.W.2d 255, and Blankenship v. Mott, Tex.Civ.App., 104 S.W.2d 607, 610, both by the Beaumont Court of Civil Appeals. In both cases, the land claimed to have been conveyed by the deeds construed was the homestead of the grantors.

A homestead in Texas can be conveyed only by a complete instrument signed by both husband and wife, with the acknowledgment of the wife privily taken after the instrument has been fully explained to her, etc. It is perfectly plain that the language of the Court in these two cases, declaring the two deeds in question void for want of description, was because the properties were homesteads.

It should be borne in mind that generally an acknowledgment is not necessary in order to pass title by a deed in Texas. Mondragon v. Mondragon, 113 Tex. 404, 257 S.W. 215.

I conclude that both the deeds in question out of John D. Herder, and under which the defendants hold, were title passing instruments, and passed title to the minerals in question here.

5. In view of the conclusion that the two deeds in question were title passing instruments, it is unnecessary to determine the question of whether or not Herder ratified them by the language used in the two oil leases. I incline to the view that he did. At any rate, that the two deeds and the two oil leases, when considered together, passed title.

It follows from what has been said that Judgment should be entered for defendants. Let Decree be drawn and presented accordingly.