## GLASSCOCK v. FARMERS ROYALTY HOLDING CO. et al.

### No. 11300.

Circuit Court of Appeals, Fifth Circuit.

Dec. 7, 1945.

R. Wayne Lawler and Ralph R. Wood, both of Houston, Tex., for appellant.

T. W. Grobe, of Houston, Tex., and Marvin D. Fertsch, of Hallettsville, Tex., for appellees.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit, in form to try the title to 1884.45 acres of land in Colorado County, Tex., was brought to recover an undivided one-half interest in the minerals thereunder.

The claim in general was that plaintiff had become the owner of them by deed from one John D. Herder, dated November 1, 1940, but that defendants were wrongfully claiming that through and under two purported deeds from Herder, dated No-

vember 25, 1931, and recorded July 6, 1932, in ·Vol. 90, pp. 396–399 of the Deed Records of Colorado County, they owned them.

The claim in particular was that though Herder had signed and acknowledged the purported deeds and delivered them to the notary public, they were never effective as deeds because at the time he signed and delivered them they contained no description whatsoever, and the description appearing in them when recorded and now was inserted later by the grantees or by their authority.

The defense was that this is an incomplete, and therefore a legally and factually incorrect, statement of what occurred at the time and after the deeds were signed and delivered, and that what did actually occur made them legally effective as deeds. This, as stipulated,[1] was: That, though Herder did sign the deeds before the descriptions had been inserted, it was with the understanding that the descriptions, later inserted by grantees at his request and by his authority, would be put in; that as inserted they faithfully described the land Herder had intended to convey; that, after the descriptions had been inserted, the consideration for the conveyance, 705 shares of stock in Farmers Royalty Holding Company, was delivered to Herder; and that in a lease [2] made by Herder and his grantees in 1934, Herder expressly declared that the mineral deeds in question were properly executed and had conveyed to the grantees the interests they purported to convey.

The District Judge, hearing the case on the stipulation supplemented by evidence which did not at all contradict it, found the facts to be as stipulated and concluded, "that both the deeds in question out of Herder and under which defendants hold were title passing instruments and passed title to the minerals in question here". As to whether Herder by executing the lease to Shelburne had ratified them, he was of the opinion that since he had found they passed title and did not need ratification, it was unnecessary to determine that question. He found further, however, that the two deeds and the lease, when considered together, must be held to have passed title.

Plaintiff has appealed, insisting that the deeds were void and that the recitation in the Shelburne lease was not effective to give them validity.

■ We cannot agree. Whatever may be the state of the law elsewhere as to whether a deed which has been signed in

---

[1] "That both of the deeds described in the foregoing section were signed by Herder on November 25, 1931 at his home in the country north of Columbus, Texas, in the presence of Alex J. Jones, a Notary Public, and Willie Braden, an agent of the defendants. That Herder acknowledged the execution of both deeds before Alex J. Jones, a Justice of the Peace and Ex-officio Notary Public for Colorado County, Texas, and handed over both of said deeds to Jones. That at the time said deeds were so signed, acknowledged and handed over by Herder neither contained any description of any property whatsoever, due to the fact that Herder had lost his deeds to the property in question and did not have at hand any description of same except some tax receipts showing the names of the surveys and the approximate number of acres in each. These he handed over to Jones in Braden's presence, remarking, 'I will sign up this way, you can put it (the description) in'. From the tax receipts Jones then called out the surveys and number of acres in each and Braden made a memorandum of same. Later, after the parties had left Herder's home and after Jones had put his certificate and seal on the deeds, Jones handed over said deeds (and similar instruments secured from other parties) along with the memorandum made from the tax receipts, to an agent of defendants. Thereafter Braden, or someone else connected with or working for the grantees named in said deeds, filled in the property description which Herder intended in said deeds by pasting therein a typewritten description copied from the record of Herder's deeds in the County Clerk's office at Columbus, Texas, and as so completed said deeds were subsequently recorded, as aforesaid. That thereafter the shares of stock mentioned in paragraph (6) hereof were delivered to Herder."

[2] On Feb. 6, 1934, Herder and the grantees in the mineral deeds above referred to executed an oil, gas and mineral lease to Shelburne, lessee, containing this clause:

"All lessors herein agree that mineral deeds properly executed and now of record conveyed to G. T. Blankenship, an undivided 1/8th, and to Farmers Royalty Holding Company, a Delaware Corporation, an undivided 3/8th interest in and to all oil, gas and other minerals in, under and upon the lands described herein. The general warranty clause herein applies to all lessors except G. T. Blankenship who warrants title only as against persons claiming under him."

blank, authority and specific direction being given to the grantee to fill in the descriptive data, is operative or inoperative,[3] it has been many times declared by the Texas courts that such a deed, after the description has been properly filled in, would be operative to pass title, Threadgill v. Butler, 60 Tex. 599; Tarrant County v. McLemore, Tex.Sup., 8 S.W. 94.[4]

Southern Pine Lumber Co. v. Arnold, Tex.Civ.App., 139 S.W. 917, 922, on which appellant relies, is not to the contrary. Indeed, it is in full support. There the claim of its proponent was that the instrument had been executed in blank with a general oral power given to one Johnson to fill it in or not, as he might become later advised, as to such property and such terms as he deemed proper and expedient, and that Johnson had later, in the exercise of his discretion, filled it in. The Court rejected the instrument. After declaring: "It is also held that parol authority to fill blanks which had been left in an instrument required by law to be in writing is sufficient * * * Threadgill v. Butler, 60 Tex. 599", it went on quite properly to say:

"But there is a distinction between the cases above referred to and one where grantor signs in blank and verbally commits to another the authority to write, or not write, a conveyance or power to convey over his signature, and also the discretion of determining whether or not the conveyance or power of attorney shall be filled and delivered, to whom the grant shall be made, to what property it shall apply, the extent of the agent's authority, and under what circumstances it shall be delivered. * * * Such was the authority by which H. H. Johnson claims he was empowered to fill the blanks and deliver the instrument offered in evidence. If Waterhouse could by parol authorize him to use his judgment and discretion in filling the blanks and delivering the instrument, why may not any grantor sign his name to blank paper, leave it with an agent with parol authority to thereafter at his discretion write over that signature the name of any purchaser to whom the agent may sell, the description of any property which the agent may select, and such terms as the agent may deem satisfactory? Where one fills a blank in an incomplete instrument at the instance of the grantor, or writes over his signature and at his dictation an entire conveyance, or power of attorney, the agent is merely acting as an amanuensis performing a simple clerical act. But not so in the other; there he is purporting to act as the personal representative, the alter ego, of the grantor." (Emphasis supplied.)

Here it is stipulated that Herder, not having his deeds at hand but having his tax receipts, gave explicit and complete directions from them by which the grantee "acting as an amanuensis" could "perform the simple clerical act" of copying into the deeds the descriptions taken from Herder's title papers. Here the directions were positive and complete, nothing was left to discretion.

But, says appellant, since in Southern Pine Lumber Co. v. Arnold and Tarrant County v. McLemore, the instruments were declared inoperative, because in the one case the filling out was left to discretion, and in the other the grantor died before the description was inserted, and in Threadgill v. Butler, though the language was general, what was in question was merely the right to insert the name of a grantee, the expressions in these opinions to the effect that blanks generally may be filled in, are dicta and without binding force here. We need not determine whether they are truly dicta for, dicta or not, we are convinced that they correctly state the law in Texas on the point and furnish the guide for our decision. For "it is our duty to examine the decision of the District Judge from the standpoint of what would have been a right judgment in a court of the State of Texas, and to affirm or reverse the judgment in accordance with whether, in the State court, it would have been right or wrong,[5] and we are in no doubt that in a state court the judgment

---

[3] 16 Am.Jur., Sec. 261; Utah State B. & L. Ass'n v. Perkins, 53 Utah 474, 173 P. 950; Barth v. Barth, 19 Wash.2d 543, 143 P.2d 542.

[4] Henke v. Stacy, 25 Tex.Civ.App. 272, 61 S.W. 509, where the description though inserted by grantor was inserted after the instrument had been signed and acknowledged. Runge v. Schleicher, Tex.Civ.App.,

21 S.W. 423; Schleicher v. Runge, Tex. Civ.App., 37 S.W. 982, 983; where the name of grantee and the consideration were afterwards inserted; Dallas Joint Stock Land Bank v. Burck, Tex.Civ.App., 102 S.W.2d 1074, insertion of names.

[5] Union Trust Co. v. Grosman, 245 U. S. 412, at page 418, 38 S.Ct. 147, 62 L. Ed. 368.

540

would have been as it was below. If, however, the District Judge was wrong and appellant was right with respect to whether the deeds as originally executed were inoperative, this would not advantage him. Some years after the two deeds in question were placed of record, Herder joined with the grantees in the deeds in a mineral lease on the property described in them, and in that lease he affirmatively declared that the mineral deeds in question had been legally and validly executed and that they conveyed to the grantees the mineral interests claimed by them under the deeds. It is settled law in Texas that the execution by the grantor in questioned instruments of later instruments, recognizing the prior instruments as valid and effective, operates as a complete ratification and validation of them, whether as originally executed they were void or voidable.[6] The District Judge was right then in the view he took that in and of themselves the deeds were good. He was right, too, in the view that if not effective when executed, they became effective by ratification when they were expressly declared to be valid and effective in the lease to Shelburne. The judgment was right. It is affirmed.

[6] Grissom v. Anderson, 125 Tex. 26, 79 S.W.2d 619; Humble Oil & Refining Co. v. Clark, 126 Tex. 262, 87 S.W.2d 471; Greene v. White, 137 Tex. 361, 153 S.W. 2d 575, 136 A.L.R. 626. Cf. Boyd Lumber Co. v. Miller, 146 Ga. 794, 92 S.E. 534, L.R.A.1918A, 1154.