David R. WOMACK, Appellant,

v.

Harold STEGNER, Appellee.

No. 5163.

Court of Civil Appeals of Texas.

El Paso.

July 3, 1956.

Rehearing Denied July 18, 1956.

Preston & Tomlin, Pecos, H. Grady Chandler, Austin, for appellant.

Hill D. Hudson, Pecos, Howard S. Smith, Sulphur Springs, Woodrow Edwards, Mount Vernon, for appellee.

HAMILTON, Chief Justice.

This was a suit in trespass to try title, filed by appellant D. R. Womack against the appellee, Harold Stegner, involving an undivided interest in the minerals in a tract of land in Reeves County. The case came on for trial before a jury. At the close of plaintiff's case the appellee moved for an instructed verdict, which motion was sustained by the court, resulting in a "take nothing" judgment against appellant.

The plaintiff claimed title to the premises involved in a deed executed and delivered to him by his brother, W. B. Womack, dated and acknowledged on December 17, 1951, and alleged to have been delivered to plaintiff in February 1952, complete in every respect except that the name of the grantee was not filled in. W. B. Womack died testate on November 30, 1952, and his will was duly probated and would have passed title to the property in the suit to his wife, Louise S. Womack, but for the deed previously executed to plaintiff. Prior to the filing of this suit Louise S. Womack died testate, leaving her property, insofar as material to this case, to her brother, Harold Stegner, the defendant in this suit.

Testimony was offered by D. R. Womack, appellant, that at the time of delivery of

said deed by W. B. Womack to D. R. Womack, W. R. Womack authorized D. R. Womack to fill his name or any name he desired in the blank as grantee. The testimony further showed that there was no consideration for said deed, that it was a gift.

All of appellant's points of error complain of the court granting an instructed verdict when, as contended by appellant, he had made out a prima facie case showing title to said minerals to be in him.

■ It is our opinion that the court was in error in granting the instructed verdict. It appears to be well settled in Texas that when a deed with the name of the grantee in blank is delivered by the grantor with the intention that the title shall vest in the person to whom the deed is delivered, and that person is expressly authorized at the time of delivery to insert his own or any other name as grantee, title passes with the delivery. Threadgill v. Butler, 60 Tex. 599; Fennimore v. Ingham, Tex.Civ.App., 181 S.W. 513; Schleicher v. Runge, Tex.Civ.App., 37 S.W. 982; Id., 90 Tex. 456, 39 S.W. 279. 14–B Tex.Jur. 514–515.

In Threadgill v. Butler, supra, the court said that the effect of such a transaction is to vest an irrevocable power coupled with an interest in the person to whom the deed is delivered. It appears that where there is failure to fill in the blank, the instrument coupled with the power, that is, the authority, to fill in the blank, is sufficient to vest equitable title in a person to whom the deed is delivered. Schleicher v. Runge, supra.

■■ It is contended by appellee that since the grantor, W. B. Womack, died before the grantee, D. R. Womack, exercised his authority by filling in the blank that the authority given D. R. Womack ended with the death of the grantor, as is the case with an ordinary power of attorney. We cannot agree with appellee's contention, because if the authority given by the grantor to fill in the blank is an irrevocable power, coupled with an interest, it does not terminate with the death of the grantor. The equitable title passed at the time of the delivery of the deed, and the subsequent death of W. B. Womack before the authority was exercised is immaterial.

■■ Appellee also contends that since there was no consideration for the deed no equitable title passed at the time of the delivery of the instrument and the oral authority given to fill in the name of the grantee was not an irrevocable power coupled with an interest. We cannot follow the reasoning of appellee on such contention because a deed does not have to be supported by a consideration to be a valid deed. We see no reason why there could not be an irrevocable power, coupled with an interest, vested in the person to whom a deed of gift is delivered just the same as when the deed is supported by a consideration. We find that none of the decisions which support our position herein were based on the fact that a consideration was paid for the deed involved—in fact in the case of Dallas Joint Stock Land Bank v. Burck, Tex.Civ.App., 102 S.W.2d 1074 it does not appear there was any consideration passing from the recipient of the deed to the grantor. However, the court did not discuss in its opinion the matter of consideration or the lack thereof.

Believing that the appellant made out a prima facie case, the court was in error in instructing a verdict for the appellee, and we reverse and remand the case for a new trial.