**Harold STEGNER, Appellant,**

v.

**D. R. WOMACK, Appellee.**

**No. 5281.**

Court of Civil Appeals of Texas.

El Paso.

Oct. 7, 1958.

Rehearing Denied Feb. 18, 1959.

Howard S. Smith, Sulpher Springs, Hill D. Hudson, Pecos, Woodrow H. Edwards, Mount Vernon, for appellant.

Preston & Tomlin, Pecos, Thomas L. White, Monahans, H. Grady Chandler, Austin, for appellee.

WILLIAMS, Justice.

This is a suit in trespass to try title between D. R. Womack, plaintiff, and Harold Stegner, defendant and cross-plaintiff, involving title to minerals in Reeves County, Texas, and is the second appeal. On the first appeal, D. R. Womack appealed from a directed verdict in favor of defendant Stegner, and this court reversed and remanded the case, holding that plaintiff had made out a prima facie case sufficient to go to the jury. See Womack v. Stegner, Tex.Civ.App., 293 S.W.2d 124 (ref. n. r. e.).

On the second trial of the case, testimony of defendant-appellant Stegner, and of his witness, Dr. M. L. Patton, to the effect that W. B. Womack, deceased, during his lifetime told them he had directed his wife, Louise Womack, to fill in her name as

grantee in the mineral deed in question, was excluded by the trial court, and this action is the main basis of appeal herein. This will be related more fully later. In both trials, plaintiff-appellee D. R. Womack testified that his brother, W. B. Womack, during his lifetime and long prior to the time the above statements were supposedly made, executed and delivered to him the mineral deed in question and told him that at his (grantor's) death, he, D. R. Womack, could insert his name or any other name that he cared to as grantee in said deed, and file same of record. The admissibility of this testimony is not questioned on this appeal, and, as above shown, was held in the first appeal to be sufficient to make a prima facie case in favor of D. R. Womack.

The first four points of error of appellant relate to the exclusion of the above testimony—two, on the basis that the evidence of each witness was admissible to rebut the evidence of D. R. Womack, and two on the basis that the evidence of each witness was admissible to establish title in appellant under his cross-action.

The fifth point is to the effect that plaintiff did not adduce evidence of sufficient probative force to justify the entry of judgment in his favor.

The first four points are so inter-related that they will be discussed together.

The above evidence, when offered, was objected to by appellee for three reasons: (1) that it was hearsay; (2) that it was in disparagement of the title that had theretofore been conveyed by deed to him, D. R. Womack; (3) that said declarations were made after this deed was delivered, and after grantor had given an irrevocable power of attorney to plaintiff, and were self-serving.

Louise Stegner Womack was the wife of W. B. Womack and succeeded him in death before this trial occurred. Her property passed to defendant-appellant, Harold Stegner, and, so far as this appeal

is concerned, he stands in the place of Louise Womack. W. B. Womack died testate on November 30, 1952, and his will was duly probated and would have passed title to the property in this suit to his wife, Louise Womack, unless the deed in question passed it to plaintiff. The testimony that Stegner offered to give was to the effect that W. B. Womack, during his lifetime, told him that he had executed a deed to the minerals in question and had placed it in a safety deposit box in Whitewright, Texas, which belonged to his aunt, Gladys Ray, but in which he kept some of his papers. The proffered testimony was further that he, W. B. Womack, told him (witness) that he had left the grantee's name out of the deed, but had told his wife, Louise, to put her name therein at the time of his death; that he had given the property to Louise. The testimony offered by Dr. Patton was to the same effect. Plaintiff-appellee, D. R. Womack, had testified that he took this deed out of the lock box after W. B.'s death, but that he (witness) had placed it therein, and that the box, in fact, belonged to him.

In a former opinion (unpublished) we held that the trial court erred in excluding the above testimony for the reason that we felt that the testimony was not offered to prove the truth of the declarations, essential to hearsay, but was offered merely to show that the declarant had made such declarations and was, therefore, claiming an interest in the property. McCormick & Ray, Texas Law of Evidence, 2d Ed., Sec. 781. In this connection we also quoted from Nagel v. Kiibler, Tex.Civ.App., Galveston 212 S.W.2d 1009, 1011 (ref. n. r. e.), as follows:

"It is the settled law in this state that declarations of a person made while in possession of property, though in their nature self-serving and hearsay, are admissible to explain the nature and character of his possession and to show the extent of his interest and the character of his holding. 17 Tex.Jur., P. 597, Sec. 249; Smith v.

Burroughs, Tex.Civ.App., 34 S.W.2d 364."

■ In the construction and application of the facts to this law, we think we were in error. Section 797 of the above-cited text, in discussing the admissibility of this type of evidence, in part says:

"But a mere narrative of past transactions relating to the title, where no issue exists as to the fact or extent or nature (as being hostile or subordinate) of the declarant's possession, is inadmissible, because if used at all it could only be used improperly by the jury, as evidence of the *truth* of the declaration."

We think the proffered testimony falls squarely within this rule, and was hearsay and inadmissible. Segal v. Saunders, Tex.Civ.App., 220 S.W.2d 339; Radford v. Hill, Tex.Civ.App., 185 S.W.2d 129.

■ We are of the opinion that the testimony in question did not characterize the nature of the possession of the grantor, but, if used at all by the jury, could only indicate that the grantor had not delivered the deed to D. R. Womack, as the latter had testified that he did, but that the grantor still owned title thereto. Under this construction of the evidence, we think that Lawrie v. Miller, Tex.Com.App., 45 S.W.2d 172, by the Commission of Appeals, with the opinion expressly approved by the Supreme Court, is directly in point and controlling in the instant case. See also, Reed v. Appleby, Tex., 8 S.W. 288; Davidson v. Wallingford, 88 Tex. 619, 32 S.W. 1030. The first appeal of this case above referred to establishes that there is no merit to appellant's fifth point.

Appellee's motion for rehearing is granted, and our original opinion in this appeal is withdrawn and this one is substituted in its stead.

We hold that the trial judge was correct in excluding this testimony as hearsay, and the judgment of that court is affirmed.