Mr. Justice NELSON
 

 delivered the opinion of the court.
 

 By the laws of Minnesota, an acknowledgment of the-execution of a deed before the proper officers, privately and apart from her husband, by a
 
 feme
 
 covert, is an essential prerequisite to the conveyance of her real estate or any interest therein. And she is'disabled-from executing or acknowledging á deed by procuration, as she cannot make a power of attorney. These disabilities exist by statute and the common law for her protection, in consideration of her dependent condition, and to guard her against undue influence and restraint.
 

 Now, it is conceded, in this case,-that the instrument Mrs. Foster signed and acknowledged was not a deed or mortgage; that, on the contrary, it was a blank paper; and that in order to make it available as a deed or mortgage, it must be taken, to have been signed and. acknowledged with the design to have the blanks filled by the husband, or some other person, before the delivery. We agree — if she was competent to convey her real estate by signing and acknowledging the deed in blank, and delivering the same to an-agent, with'an express- or implied authority to fill up the-blank and perfect the eonveyance-^-that its validity could not well be controverted. Although it was, at one time doubted whether a parol authority was adequate to authorize an alteration or addition to a sealed instruir ent, the 'better ppinion, at this day, is that the power is sufficient,
 

 
 *34
 
 But there are two insuperable objections to this view in the present case. First, Mrs. Foster was disabled in law from delegating a person, either in writing or by parol, to fill up the blanks and deliver the mortgage; and, second, there could be no acknowledgment of the deed within the requisitions of the statute until the blanks-were filled and the instrument complete. ■ Till then there was no deed to be acknowledged. The act of the
 
 feme covert
 
 and of the officers were nullities, and the form of acknowledgment annexed as much waste paper as the blank mortgage itself, at the time- of signing.
 

 It is insisted, however, that Mrs. Foster should be estopped from denying that she had signed and acknowledged the' mortgage. . The answer to this is, that to permit an estoppel to operate against her would be a virtual repeal of the statute that extends to. her this protection, and a,lso a denial of the disability of the common law that forbids-the conveyance of her real estate by procuration.' It would introduce into the law an entirely new system of conveyances of the real property of
 
 feme coverts.
 
 Instead of the transaction being a real one in conformity with established law, conveyances, by signing and acknowledging blank sheets of paper,- would be the only formalities requisité. The consequences of such a system are apparent, and need not be stated.
 

 There is authority for saying, that where a perfect deed has been signed and acknowledged before the proper officer, an inquiry into the examination of
 
 the feme covert,
 
 embracing the requisites of the statute, as constituting the acknowledgment, with a view to contradict the writing, is inadmissible; that acts of the officer for this purpose are judicial- and conclusive. We express no'opinion upon the soundness of this doctrine, as it is not material in this case. The case before us is very different. There is no defect in the form of the acknowledgment, or in the private examination. No inquiry is here made into them. The defect is in the deed, which it is not made the duty of this officer to write,_ fill up, or examine, and for the legal validity of which he' is ■ no way responsible. The two instruments are distinct. The
 
 *35
 
 deed may be filled up without any official authority, and may be good or bad. The acknowledgment requires such authority. The difficulty here is not in the form of the acknowledgment, but that it applied to a nonentity, and was, therefore, nugatory. The truth is, that the acknowledgment in this case might as well have been taken and made on a separate piece of paper, and at some subsequent period attached by the officer, or some other person, to a deed that had never been- before the
 
 feme covert. '
 
 The argument in support of its validity would be equally strong.
 

 Our opinion is that, as it respects Mrs. Foster, the mortgage is not binding on her estate.
 

 "We may regret the misfortune of the complainant from the conclusion at which we have arrived; - but it seems to us impossible to extend the relief prayed, for by the bill of foreclosure, without abrogating the protection which the law for ages has • thrown around the estates of married women. Losses of the kind may be guarded against, on the part of dealers in real estate, by care and caution; and we think that this burden should be imposed on them, rather than that a .sacrifice should be made of the rights of ,a class who are dependent enough in the business affairs of life, even when all the privileges with which the law surrounds them are left unimpaired.
 

 DECREE AEEIRMED.
 

 N. E. A decree made below, on a cross-bill ordering the mortgagee to cancel the wife’s name on the .mortgage, was affirmed here. The cross-bill set up, substantially, the facts disclosed in the answer to the original bill; and the proofs taken in each case were the same.