### EMMA S. MONTGOMERY ET AL. V. JACOB HORNBERGER.

#### Delivered April 8, 1897.

**1. Married Woman's Conveyance—Deed of Confirmation Held Effectual.**

Where a married woman's deed was void for want of proper separate acknowledgment by her, and she afterwards properly executed an instrument of confirmation, reciting the execution of the former deed, a copy of which was thereto attached, and stating her purpose to then and thereby ratify and confirm the same so as to make it effectual from the original date, the two instruments were construed together as one, the copy supplying the necessary words of grant and description, and were held effectual to convey the title from the date of the last instrument.

**2. Same—Certificate of Married Woman's Acknowledgment—Clerical Omissions Not Vitiating.**

A certificate of joint acknowledgment by a married woman and her husband, stating that they acknowledged "the" executed, instead of "they" executed the deed, and omitting the word "it" from the clause, "she wished not to retract it," is not vitiated by such clerical errors.

APPEAL from the District Court of Harris.

*Hudson & Ellis* and *Coleman & Ross,* for appellants.—1. The word "the" after acknowledged has no more significance than an entire blank between "acknowledged" and "executed" would have; and as the certificate does not show that Mary and W. L. Sawyer appeared before the officer and acknowledged that they executed the instrument, the acknowledgment and also the deed are void. Huff v. Webb, 64 Texas, 286; Buell v. Irwin, 24 Mich., 152.

2. The omission of a vital word from a certificate of acknowledgment can not be cured by construction and reference to the context, and neither can it be cured by applying the doctrine of clerical omission. Huff v. Webb, supra; Buell v. Irving, supra; Moores v. Linney, 2 Texas Civ. App., 293; McDaniel v. Needham, 61 Texas, 271; McKie v. Anderson, 78 Texas, 210; Frost v. Erath Cattle Co., 81 Texas, 510.

3. A void act or deed can not be ratified or confirmed. "Confirmation may make good a voidable or defeasible estate, but can not operate

upon or aid an estate which is void in law, but only 'confirms its infirmity.' The only exception to this rule is where the confirmation is the act of the sovereign will." Doe v. Howland, 8 Cow., 176; Jackson v. Stevens, 16 Johns., 110; Branham v. Mayor, 24 Cal., 585; Barr v. Schroeder, 32 Cal., 609; Chess v. Chess, 21 Am. Dec., 350; 3 Washb. Real Prop., 329; 1 Dev. on Deeds, 17, 18; Jackson v. Ramsey, 15 Am. Dec., 242, and note, p. 247, par. 4; Murchison v. White, 54 Texas, 81; Chambers v. Hodges, 23 Texas, 104.

4. There is no contention on the part of the appellee that the original instrument was ever redelivered, or that it was ever reacknowledged as such, for it is not in evidence at all, and there is not a particle of testimony concerning it except as contained in the instrument of confirmation, and which, as appellants insist, can be nothing more than an attempted confirmation. Jordan v. Jordan, 9 S. & R., 268; Barr v. Schroeder, 32 Cal., 609.

*W. C. Oliver,* for appellee.—1. The omission of the letter "y" from the word "they," before the words "severally acknowledged," in the acknowledgment of said deed, was a mere clerical omission and does not vitiate the acknowledgment. That "the" was intended for "they" is clear from the context. The omission of the word "it" after the word "retract" is immaterial, and does not render said acknowledgment void. Durst v. Daugherty, 81 Texas, 650; Gray v. Kaufman, 82 Texas, 65; Munroe v. Arledge, 23 Texas, 478.

2. The certified copy of the deed, dated August 30, 1845, was made part of the instrument executed October 1, 1859, and was admissible in evidence as a part thereof, in virtue of the acknowledgment made October 1, 1859. Hancock v. Butler, 21 Texas, 804; Pugh v. Mays, 60 Texas, 192; Smith v. Westall, 76 Texas, 511; Newton v. Emerson, 66 Texas, 142; Harlowe v. Hudgins, 19 S. W. Rep., 364; Threadgill v. Bickerstaff, 26 S. W. Rep., 741.

3. The whole instrument executed October 1, 1859 (including as a part of it the deed of August 30, 1845), should be construed together, and so construing it the names of the grantors and all other requisites of a deed are therein contained. Brown v. Chambers, 63 Texas, 135; Smith v. Brown, 66 Texas, 545; Hancock v. Butler, 21 Texas, 804; Threadgill v. Bickerstaff, 26 S. W. Rep., 739; Harlowe v. Hudgins, 19 S. W. Rep., 364; Cox v. Hart, 145 U. S.; 376 (Book 36, L. C. P. Co. ed.)

WILLIAMS, ASSOCIATE JUSTICE.—This was an action of trespass to try title, brought by appellants against appellee.

Plaintiffs are the heirs of Mary Sawyer, who had owned the land as her separate property, and, under an agreement made in the court below, are entitled to recover unless, by the instruments set out below, the defendant showed a divestiture of her title and an acquisition of it by Henry M. Fock, under whom defendant claims by regular chain of title. The instruments referred to are as follows:

"*State of Texas, County of Galveston.*—Know all men by this public·. instrument, that whereas, heretofore, to wit, on the 30th day of August,. A. D. 1845, made and executed an instrument of writing, a certified copy of which is hereto annexed, for the purpose of description, and made a part hereof, in the manner and form as appears by said instru-- ment, and whereas also the said Fock has subsequently sold the property therein described, or a portion of the same, and whereas also the said Mary Sawyer, with the consent of her said husband, for divers good and valid reason and considerations binding and effectual in the law, de- sires to ratify and confirm the said deed to the said Henry M. Fock, his. heirs and assigns, and to make the same an effective and a good and valid deed, the same as if the same had been a good, valid and binding, deed at the date thereof. Therefore, these presents witnesseth, that said deed, of which the annexed is a certified copy, shall be held, taken, and received against her and her heirs as and for a good, valid, and subsist- ing deed to the said Henry F. Fock, his heirs and assigns, from the date thereof, this instrument being only intended to make perfect the said deed so far as she may lawfully do the same, and as the date' of said deed, to the end that the said deed may inure to the said Fock or any subsequent grantor (grantee), as well as to the said Fock, as may be right and proper under the law.

"In witness whereof, we have hereunto affixed our names and seals,. using scrolls by way of seals, this 1st day of October.

"MARY SAWYER.   [SEAL]
"W. L. SAWYER."   [SEAL]

"*State of Texas, County of Galveston.*—Before me, Jacob E. Rump, a. notary public in and for Galveston County, this day personally appeared Mrs. Mary Sawyer and her husband, Wm. L. Sawyer, both of the city of Galveston, county and State aforesaid, to me well known, and acknowl- edged to me that the     severally executed the foregoing and above deed for the purposes and considerations therein set forth; and the said Mary L. Sawyer, after having been examined by me privily and apart from her husband, and after having the foregoing instrument of writing fully ex- plained to her, declared that she willingly signed, sealed, and delivered the same and that she wished not to retract.

"Witness my hand and seal of office, Galveston, October 1, 1859.

[L.S.]                        "J. E. RUMP,
                            "Notary Public, G. C."

"*State of Texas, County of Harris.*—Know all men by these presents, that I, Mary Sawyer, for and in consideration of the sum of three hun- dred dollars, to me in hand paid by Henry M. Fock, the receipt of which is hereby acknowledged, have, by the consent and advice of my husband, William L. Sawyer, who signs this instrument with me, this day bar- gained and sold and by these presents do grant, bargain, sell, and de- liver possession unto the said Henry M. Fock, blocks Nos. three hundred

and forty-eight, three hundred and forty-two, and four hundred and nineteen, and ten acre lots Nos. five and eighteen, being part of James M. Holman's headright, and deeded to me by Mosely Baker, which will more fully appear by reference to the records of the county. And I do hereby bind myself, heirs, etc., to warrant and defend the same unto the said Henry M. Fock, his heirs and assigns.

"In testimony whereof, we have hereunto set our hands and scrawl, by way of seal, this the 30th day of August, A. D. 1845.

"MARY L. SAWYER.    [SEAL]

"W. L. SAWYER.    [SEAL]

"Witness: J. T. HARRAL."

"*Republic of Texas, Harris County.*—Before me, William R. Baker, clerk of said county, acting by John Allen Southyard, deputy, this day came and appeared Josiah T. Harral, of said county, to me well known, who, being duly sworn, declared that Mary and William L. Sawyer, signed, sealed with scrolls, and delivered the deed within, on the reverse hereof, as they severally declared, for the purposes set forth, and on the day of its date, that he, affiant, signed the same as a witness and recognizes all said signatures thereto as genuine.

"W. R. BAKER, Clerk.

"By J. A. SOUTHYARD, Deputy.

"Houston, October 7, 1845.

"Recorded October 7, A. D. 1845, at one o'clock."

The second instrument set out is attached to the other, and is a certified copy of a deed recorded in Harris County on the 7th day of October, 1845. The instrument last executed, including such attached copy, was recorded as a whole in Harris County.

We are of the opinion that the two papers are to be treated as constituting but one deed, and that it was sufficient to pass the title which Mrs. Sawyer had to the land at the date of its execution, October 1, 1859. It may be true, as contended by appellants, that the deed of 1845 was void, because it was not acknowledged by Mrs. Sawyer. It is also true that, being a nullity, it could not be confirmed by the subsequent deed, so as to have any validity of its own. The attempt to confirm it could not change the fact that the title had not previously passed out of Mrs. Sawyer, or retroactively impart to the nullity an efficacy which it had not before possessed. But, at the date of the second instrument, Mrs. Sawyer was still the owner of the land and had capacity to convey it by complying with the law. An attempt to confirm a void deed, so as to make it operative, may fail to effect that purpose, but may still operate as a new grant. Chester v. Builting, 32 S. W. Rep., 527; Doe v. Howland, 8 Cow., 277; Jackson v. Stevens, 16 Johns., 110; Barr v. Schroeder, 32 Cal., 609.

In some of the authorities it is said that such effect may be given to the deed of confirmation if apt words to convey the title in praesenti are

employed. In order that the deed shall so operate, we think it is only essential that the intention to convey should appear, and such intention could hardly be more effectually expressed than by saying that a deed by which the party had undertaken to convey the land at a past time shall operate from such date. As surely as the greater includes the less, and the whole all of its parts, the expression of an intention to make a deed operate for all time from a past date includes the intent that it shall operate from the present.

So the objection urged by appellants that the confirming deed does not expressly purport by its own terms to convey the title, can not be sustained. Besides, the true view of the matter, as before stated, is that the instrument last signed by Sawyer and wife is not the whole of the deed. By its reference to the attached document it imported into, and made part of itself, the terms of that paper, which supplied everything essential to a complete conveyance. 2 Dev. on Deeds, sec. 1020; Martindale on Conv., sec. 108; Harlowe v. Hudgins, 19 S. W. Rep., 364; Herndon v. Vick, 33 S. W. Rep., 1011; same case, 35 S. W. Rep., 141.

The objections urged to the acknowledgment are not good. The use of the word "the," where "they" should appear, clearly results from the clerical omission of the letter "y." The certificate, when read altogether, plainly shows that the grantors in the instrument were the persons who acknowledged it. It could be held to render the certificate insufficient only under a strictness of construction applied in our courts to no other instruments. The omission of the word "it" at the end of the certificate is equally unimportant. The wish expressed, not to retract, could have reference to nothing but that which the party had just acknowledged she had done. Moores v. Linney, 2 Texas Civ. App., 293.

The judgment of the court below is correct, and it is affirmed.

*Affirmed.*

Writ of error refused.