**FARMERS ROYALTY HOLDING CO. et al.
v. ALDERMAN et al.**

No. 2929.

Court of Civil Appeals of Texas. Beaumont.

May 1, 1936.

Rehearing Denied May 20, 1936.

Dudley, Hyde, Duvall & Dudley, of Oklahoma City, Okl., J. W. Young, of Crockett, and C. L. Orn, of Fort Worth, for appellants.

Aldrich & Crook, of Crockett, for appellees.

WALKER, Chief Justice.

This appeal was originally filed in the Galveston Court of Civil Appeals and transferred to this court by order of the Supreme Court; the suit was filed in the district court of Houston county by appellees, T. F. Alderman and wife, against appellants, Farmers Royalty Holding Company, G. T. Blankenship, and Farmers Mutual Royalty Syndicate, Inc., to cancel two mineral deeds dated September 24, 1931, bearing their signatures, which purported to convey to the first two named defendants an undivided one-half interest in the mineral rights in 105 acres of land out of the Jacob Masters labor and Jacob Masters, Jr., league of land in Houston county, and a deed dated the 30th day of March, 1934, whereby defendant Blankenship conveyed to the third named defendant certain interests in this land.

One ground of relief pleaded by appellees was that at the time they executed the deeds, and at the time they were acknowledged by Mrs. Alderman, they contained no description of the land in controversy, and after they were thus executed and delivered to appellants without any description, they, through their agent, inserted therein a written description of the 105 acres of land in controversy; and that there was no new execution and delivery of the deeds after they were first executed and delivered by appellees to appellants.

On trial to the court without a jury, judgment was rendered in favor of appellees canceling all three deeds put in controversy by their pleadings. In support of his judgment, the court filed separate conclusions of fact and law, in part, to the following effect: First, on the 24th of September, 1931, appellees signed and acknowledged the mineral deeds in question; at the time these deeds were thus signed and acknowledged, they did not contain any description of any land; and the spaces in the deeds provided for a description were wholly blank; there was no sort of description in the deeds at the time they were executed and delivered by appellees; second, after the execution and delivery of these deeds to appellants, their agent inserted in the deeds a description of the 105 acres of land in controversy, sufficient to identify the interest claimed by appellants in this land; third, at the time appellees executed and delivered these deeds, the land in controversy was their homestead, and continued to be their homestead throughout this litigation.

On the foregoing fact findings, the court concluded "as a matter of law" that the deeds in controversy "were void by reason of the fact that the lands contained therein were the homestead of plaintiffs, and that when said instruments were executed they did not contain the description of any land."

Opinion.

We overrule appellants' propositions that the fact conclusions of the lower court

were without support in the evidence; the testimony adduced on the trial fully supports the trial court's fact conclusions.

The facts found by the court sustain his legal conclusion that the deeds in controversy were void. The proposition of law contended for by appellees is thus stated by 1 C.J. 766, paragraph 32 of title "Acknowledgments":

"The acknowledgment by a married woman of an instrument in which blanks have been left will not make it valid as against her when the blanks are afterward filled up."

In Ayres v. Probasco, 14 Kan. 175, the court held, quoting the fourth syllabus:

"Where husband and wife sign and acknowledge a blank mortgage, with the understanding and agreement that it shall afterward be filled up so as to make it a mortgage on a certain piece of land owned by the wife, and occupied by herself and husband as their homestead, and so as to make it a mortgage to C. to secure the payment of $1,000, and also give authority to a third person to so fill up the blank; and the mortgage is afterward filled up in the presence and with the consent of the husband and said third person, but in the absence and without the knowledge of the wife, so as to make it a mortgage on said property, but so as to make it a mortgage to P. instead of C., and to secure the payment of $1,100 instead of $1,000, held, that said mortgage after it is so filled up is not the mortgage of the wife, and is void as to her."

For other Kansas authorities see Tucker v. Allen, 16 Kan. 312; Chicago Lumber Co. v. Ashworth, 26 Kan. 212, 215. In Drury v. Foster, 2 Wall. 24, 34, 17 L.Ed. 780, 781, the Supreme Court of the United States held:

"But there are two insuperable objections to this view in the present case. First, Mrs. Foster was disabled in law from delegating a person, either in writing or by parol, to fill up the blanks and deliver the mortgage; and, second, there could be no acknowledgment of the deed within the requisitions of the statute until the blanks were filled and the instrument complete. Till then there was no deed to be acknowledged. The act of the feme covert and of the officers were nullities, and the form of acknowledgment annexed as much waste paper as the blank mortgage itself, at the time of signing."

In Finkelstein v. Roberts, 220 S.W. 401, 402, the Dallas Court of Civil Appeals held, quoting the fifth syllabus:

"Where an oil lease executed by husband and wife was acknowledged by wife while containing blank for description, lease was not operative, despite wife's parol authorization of a third person to fill blank, and was void where blank was subsequently filled in and no subsequent acknowledgment made by wife."

We pretermit a discussion of the other grounds of validity pleaded by appellees and found by the court in their favor.

For the reasons stated, the judgment of the lower court is in all things affirmed.

Affirmed.