**FARMERS ROYALTY HOLDING CO. et al.**
**v. DUREN et ux.**

No. 2928.

Court of Civil Appeals of Texas. Beaumont.

May 1, 1936.

Rehearing Denied May 20, 1936.

Dudley, Hyde, Duvall & Dudley, of Oklahoma City, Okl., J. W. Young, of Crockett, and Clayton Orn, of Fort Worth, for appellants.

Aldrich & Crook, of Crockett, for appellees.

O'QUINN, Justice.

Appellees, G. H. Duren and wife, E. C. Duren, brought this suit in the district court of Houston county, Tex., against appellants, Farmers Royalty Holding Com-

260

pany, G. T. Blankenship, and Mutual Royalty Syndicate, Inc., to cancel a mineral deed executed by them on September 23, 1931, conveying to Farmers Royalty Holding Company an undivided 3/8ths interest in the oil, gas, and other minerals in 180⅔ acres of land, a part of the Jacob Masters, Jr., league of land in Houston county; and to cancel a mineral deed they had executed on September 23, 1931, conveying to appellant G. T. Blankenship an undivided 1/8th of the minerals in said tract of land; and to set aside and cancel a deed executed on March 30, 1934, by Blankenship to Farmers Mutual Royalty Syndicate, Inc., conveying 3/32ds of his 1/8th interest in the land above described.

One ground of relief pleaded by appellees was that at. the time they executed the deeds to Farmers Royalty Holding Company and G. T. Blankenship, and at the time he and his wife, Mrs. Duren, acknowledged said deeds, they did not contain any description of the land in controversy, and that as said deeds were thus executed and delivered to appellants without any description, appellants, by and through their agent, inserted therein a written description of said 180⅔ acres of land, and that though there was no new execution, acknowledgment, and delivery of said deeds by appellees, appellants filed and had same recorded.

On trial to the court without a jury, judgment was rendered in favor of appellees canceling all three of said deeds. In support of his judgment, the court filed his findings of fact and conclusions of law, in part, to the following effect: First, that on September 23, 1931, appellees signed and acknowledged and delivered to appellants the mineral deeds in question; that at the time these deeds were signed, acknowledged, and delivered, they did not contain any description of any land whatever; that the spaces in said deeds provided for a description of the property conveyed were left wholly blank and were so when delivered to and accepted by appellants. Second, that after the execution and delivery of said deeds to appellants, their agent inserted in the deeds a description of the 180⅔ acres of land in controversy, sufficient to identify the interest in same claimed by appellants; and, third, that at the time appellees executed and delivered the deeds, the land involved was the homestead

of appellees, and so continued throughout this litigation.

On the foregoing fact findings, the court concluded, "as a matter of law," that the deeds in controversy "were void by reason of the fact that the land contained therein was the homestead of plaintiffs, and that when said instruments were executed and delivered they did not contain the description of any land."

We overrule appellants' assignments that the fact conclusions of the trial court were without support in the evidence. The testimony adduced on the trial fully supports the court's findings.

Also the facts found by the court sustain his legal conclusion that the deeds in controversy were void. Finkelstein v. Roberts (Tex.Civ.App.) 220 S.W. 401, 402; Drury v. Foster, 2 Wall.(U.S.) 24, 34, 17 L.Ed. 780, 781.

In Finkelstein v. Roberts, supra, quoting from the fifth paragraph of the syllabus, it is said:

"Where an oil lease executed by husband and wife was acknowledged by wife while containing blank for description, lease was not operative, despite wife's parol authorization of a third person to fill blank, and was void where blank was subsequently filled in and no subsequent acknowledgment made by wife." (Application for writ of error was dismissed.)

In Drury v. Foster, supra, the Supreme Court of the United States said:

"But there are two insuperable objections to this view in the present case. First, Mrs. Foster was disabled in law from delegating a person, either in writing or by parol, to fill up the blanks and deliver the mortgage; and, second, there could be no acknowledgment of the deed within the requisitions of the statute until the blanks were filled and the instrument complete. Till then there was no deed to be acknowledged. The act of the feme covert and of the officers were nullities, and the form of acknowledgment annexed as much waste paper as the blank mortgage itself, at the time of signing."

We do not deem it necessary to discuss other grounds of invalidity pleaded by appellees and found by the court in their favor. For the reasons stated, the judgment is in all things affirmed.