668

**McLAIN et al. v. CLASS et ux.**

**No. 11902.**

Court of Civil Appeals of Texas. Galveston.

July 31, 1947.

Rehearing Denied Oct. 9, 1947.

Fertsch & Fertsch, of Hallettsville, Gibson, Savage & Benefield and Whitten & Whitten, all of Oklahoma City, Okl., and Chrestman Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellants.

Massey & Hodges, of Columbus, for appellees.

GRAVES, Justice.

This was an action in trespass to try title to 136 acres of land in Colorado County, Texas, brought by Oscar Class and wife, herein called appellees, against M. L. McLain, Gulf Coast Western Oil Company, and the Reserve Petroleum Company, herein called appellants. While the petition was in the form prescribed by Rule 783 Texas Rules of Civil Procedure, for an action in trespass to try title to the land, the claim of the appellees was that two mineral deeds, executed by their predecessors in title, on October 7, 1931, and purporting to convey one-half of the minerals underlying the land, were void, because at the time of the execution thereof, the land was homestead, and the description thereof was not attached to the deeds. The jury so found; and, upon the answer thus made, along with "such additional findings as were authorized by law", the court rendered judgment for the appellees, divesting appellants of any interest in the land.

The mineral deeds were executed by W. J. Braden and wife, Addie Braden, on October 7, 1931. The description of the premises involved was on typewritten sheets attached to the form of deed. These sheets correctly described the land intended to be covered. After the death of Braden, his widow conveyed the premises to appellees.

Under these and other circumstances, which need not be here detailed, appellants moved for an instructed verdict, objected to the issue submitted to the jury, and thereafter moved for a new trial.

On this appeal, their Points of Error are as follows:

"1. It being undisputed that the mineral deeds correctly described the land intended to be covered and were subsequently recognized as valid by the makers thereof over a long period of years, it is conclusively presumed as a matter of law that said deeds contained proper descriptions of the property at the time of their execution, and hence are valid and subsisting.

"2. If the deeds are not conclusively presumed to have been complete at the time of their execution, nevertheless, the testimony of Addie Braden, given after more than 15 years of continued recognition of the validity and efficiency of said mineral deeds to convey the premises intended, was insufficient as a matter of law to justify submission to the jury of an issue as a basis for declaring void deeds which are regular on their face with acknowledgment in a statutory form, particularly when corroborated by the testimony of the notary public that the instruments were complete at the time of their execution.

"3. If the circumstances do not justify the presumption as a matter of law that the deeds were complete at the time of their execution, then it must be presumed, from the correctness of the description therein and the long and continued recognition of their validity by the makers thereof, that the description was inserted by authority of the makers, whereby the deeds were in no event void but only inoperative as to Addie Braden during her occupancy of the premises as a homestead, and became absolute upon her conveyance to appellees and consequent abandonment of her homestead rights.

"4. Appellees as subsequent purchasers of the premises with actual and constructive notice of all the facts had no legal right of action against appellants in that the defects, if any, in the deeds arising from the alleged want of description of the premises created merely a personal right in Mrs. Addie Braden which was lost by her conveyance of the premises and consequent abandonment of the homestead.

"5. If authority to insert the description of the premises in the deeds did not arise as a matter of law from the undisputed facts, then it was a jury issue to be determined from all the circumstances, and there

was error in refusing appellants' requested special issue to that effect."

None of these presentments, in the distinctive state of facts undisputedly shown to have existed here, it is determined, should be sustained.

They are grounded upon, and supported by, cited authorities ruling instances where the mineral deeds or other instruments involved were at least valid when originally executed, either by having descriptions of the land actually appearing in the instruments at that time, or having agreements then made by which agents could afterwards insert them as "an amanuensis performing a merely clerical act" for his principal.

Whereas, in contrast, the fundamental issue of fact in this cause was whether or not there had been at the time these two mineral deeds were executed by the Bradens any descriptions of the land at all, either in or on the leases as executed and acknowledged by the Bradens on October 7 of 1931; as recited supra, the trial court submitted that question alone to the jury in this direct inquiry:

"Did the mineral deeds executed by W. J. Braden and wife, Addie Braden, on the 7th day of October, 1931, and introduced in evidence on this trial, contain a description of the lands involved in this suit?"

The jury answered "No", whereupon the appealed from judgment was entered against appellants, based in part thereon and in part upon its recited further findings by the court.

Moreover, at that exact time, the property was the homestead of the Bradens, and in occupancy by them as such.

Assuming, for the nonce, that the parties have thus directly differed as to what the nature of the suit as tried below was, the first inquiry upon appeal is whether or not the trial court erred in the overall view it took that the controlling issue under the pleadings and evidence before it was that one it so submitted to the jury.

■ This court, being unable to agree with appellants, cannot hold either that the court erred in such submission, or that the jury's verdict, finding that the deeds involved did not contain any description of

the land at all, lacked sufficient support in the evidence; contrarily, it is held to have been fully supported by the direct testimony of Mrs. Braden and her daughter, Mrs. Karnaky, as well as by circumstances that were detailed.

█ It is further the opinion of this Court that, the property so being homestead, and there having been at the time the deeds were executed no descriptions whatever of it in or on them, that they were consequently, under well-settled authority in Texas, void ab initio, hence not susceptible of ratification thereafter by the transactions appellants advance as having effected that result; indeed, it is thought that these facts bring this cause directly under the rule applied in the only two decisions in Texas on precisely the same state of facts, to which this court has been cited, to-wit: Blankenship v. Mott, Tex. Civ.App., 104 S.W.2d 607; Farmers Royalty Holding Co. v. Jeffus, Tex.Civ.App., 94 S.W.2d 255. The principle these two holdings declared, on the legal equivalent of precisely the same state of facts as here existed, was also upheld in Humble Oil & Refining Co. v. Clark, 127 Tex. 262, 87 S. W.2d 471.

The presence of what must be determined to have been the outstanding facts in this instance—that is, first, that the property was homestead at the time; second, that there were no descriptions whatever in or on the deeds when executed by the Bradens; and third, that no one was shown to have been granted any "amanuensis-powers" to act thereafter for the grantors in writing any descriptions into them—not only clearly negative any of the presumptions so contended for in appellants' quoted points of error, but also make inapplicable the decisions and other authorities they cite as sustaining them.

While the appellees do not controvert the correctness of the descriptions appellants detailed as being entitled to have been read into the two deeds, they do properly, it is thought, rely upon this declaration of the court in the cited Jeffus case [94 S.W.2d 259], as showing the inapplicability of appellants' claim that such void deeds could be ratified, or thereafter re-acknowledged, to-wit: "* * * if they could at all be ratified, the ratification clause or portion of the instrument containing same must have been such as would amount to a present conveyance of the property involved, that is, such as would then convey title within itself * * *."

That was also the effect of the holding of the Supreme Court, through the Commission of Appeals, in the Humble v. Clark case, 127 Tex. 262, 87 S.W.2d 471, supra.

█ In other words, if these two claimed-under deeds could have been ratified at all by the re-execution of subsequent conveyances, those would have required terms that in themselves amounted to a sufficient present conveyance; but appellants did not assert the existence of any such documents.

The case of Glasscock v. Farmers Royalty Holding Co., 5 Cir., 152 F.2d 537, relied upon by the appellants, is clearly distinguishable from this cause; in that, there the instruments involved did not involve homestead property, and were also held to have been ratified by the grantor in a subsequent lease, in which he expressly declared that they had originally been legally and validly executed; no such comparable acts, upon the part of the Bradens in this instance, even had they been applicable, were even claimed by the appellants; in fact, Mr. Braden was shown to have died about three years after he executed those instruments without ever having done more than sign a proxy for some one to vote his stock in a holding company, whereas Mrs. Braden only thereafter signed the same proxy and also wrote a letter to the appellant Holding Company's office asking for a release of some of her minerals.

Wherefore, in such a state of this record, it seems clear that these deeds were void when made, and were not thereafter rendered effective as conveyances of their homestead property by any acts shown to have been done by the grantors therein.

█ Finally, no reversible error was shown by the trial court's refusal of this special issue, requested by appellants: "Do you find from a preponderance of the evidence that W. J. Braden and his wife, Addie Braden, on or about October 7, 1931, furnished to M. L. McLain a document

containing the description of the real property involved herein, in order that he should prepare a description of the said property and attach such description to the two mineral-deeds in evidence in this case?"

This, for the reason that, there was no such an issue raised by contradictory testimony between the parties on the trial. The appellees merely contended there were no descriptions on the deeds, when they were executed; the appellants, in turn, relied on the testimony of their two witnesses, McLain and Jones, that the descriptions in the deeds on the date of this trial below had been placed there prior to the signatures and acknowledgments of Braden and wife. There was, therefore, no such disputed issues on the trial as this quoted inquiry propounded.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.