**RESERVE PETROLEUM CO. et al. v.
HODGE et al.**

No. 11960.

Court of Civil Appeals of Texas. Galveston.

Feb. 26, 1948.

Rehearing Denied March 11, 1948.

Savage, Gibson & Benefield, of Oklahoma City, Okl., and Chrestman, Brundidge, Fountain, Elliott & Bateman of Dallas (O. A. Fountain, of Dallas, of counsel), for appellants.

G. F. Steger, of Columbus, for appellees.

GRAVES, Justice.

This was an action in trespass to try title to 91.4 acres of land in Colorado County, Texas, brought by E. F. Hodge and Jacob Blanchard and wife, Mary Blanchard, herein called appellees, against Farmers Royalty Holding Company, M. L. McLain, Gulf Coast Western Oil Company, and The Reserve Petroleum Company, herein called appellants. While the petition was in the form prescribed by Rule 783, Texas Rules of Civil Procedure, for an action in trespass to try title to the land, the claim of the appellees was that two mineral-deeds, executed by Jacob Blanchard and wife, Mary Blanchard, on October 7, 1931, and purporting to convey an undivided one-half of the minerals underlying the land, were void, because at the time of the execution thereof, the land was homestead, and the description thereof was not attached to the deeds.

The cause was submitted to the jury on one special issue: "Special Issue No. 1: Did the mineral-deeds executed by Jacob Blanchard and wife, Mary Blanchard, on the 7th day of October, 1931, and introduced in evidence on this trial, contain a description of the lands involved in this suit? Answer this Special Issue 'Yes' or 'No.' "

The jury answered "No".

Upon the answer so made, the court rendered judgment for appellees, divesting appellants of any interest in the land.

There was sufficient evidence to have supported these further findings: The mineral deed-forms, without any land description, were signed and acknowledged by Jacob Blanchard and wife, Mary Blanchard, on October 7, 1931. The blanks in the forms, other than those provided for the description of the land, were at that time filled in with pen and ink. When the deeds were filed for record, each contained a description of the land on a typewritten-sheet of paper, attached to the form.

Neither Blanchard nor his wife ever directly or expressly authorized any one to alter, or make insertions in, the deeds, after they were so signed and acknowledged; and no one was granted any "amanuensis powers" to act thereafter, for the grantors, in writing any description into them.

Neither Blanchard nor his wife ever directly or expressly recognized that the purported deeds conveyed any interest in the mineral-fee estate in the land. Contrarily, on November 19, 1945, they conveyed by deed to E. F. Hodge, one of the appellees, 81.4 acres of the 91.4-acre tract involved; and in that deed it was provided that all rights and causes-of-action held by grantors therein and arising out of such mineral-deeds were conveyed to grantee.

Jacob Blanchard and wife continued to live on the remainder. On August 9, 1934, however, Blanchard and wife joined with appellants in the execution of what purported to be an oil, gas, and mineral-lease, to one Sam P. Shelburne, covering the land involved; it was actually, however, an instrument, which contained a printed-clause, in fine print, in a general printed form, purporting to recognize and ratify the two mineral deeds in question. The Blanchards, at the time they signed the purported lease, did not know of, or agree to, such printed clause.

On this appeal, appellants, in substance, present these points:

"1. The mineral-deeds, having correctly described the land intended to be covered, were subsequently recognized as valid by the makers thereof over a long period of years, it was conclusively presumed—as a matter of law—that said deeds contained proper descriptions of the property at the time of their execution, hence were valid and subsisting.

"2. If the circumstances did not justify such presumption as a matter of law, then the fact that the grantors furnished the grantees with a description of the land intended to be placed in the pool, the fact that the deeds precisely described the land intended to be covered thereby, and the grantor's recognition, over a long period of time, of the validity and effectiveness of said deeds, raised the presumption, as a matter of law, that the grantors impliedly authorized the insertion of the description of the premises, whereby the deeds were in no event void, but only inoperative as to Mary Blanchard during her occupancy of the premises as homestead, and became absolute as to the 81.4 acres, upon her conveyance thereof to Hodge, and consequent abandonment of the premises as homestead.

"3. In any event, the long and continued recognition of the validity of such deeds by the makers thereof, as correctly describing the land intended, and the ratification and adoption of such deed by the grantors by the lease of August 9, 1934, precluded the claim of invalidity now asserted."

None of these presentments. in the distinctive state of facts so shown to have existed here, it is determined, should be sustained.

They appear to be grounded upon, and supported by, cited authorities ruling instances where the mineral deeds or other instruments involved were at least valid when originally executed, either by having descriptions of the land actually appearing in the instruments at that time, or having agreements then made by which agents could afterwards insert them as "an amanuensis performing a merely clerical act" for his principal.

Whereas, in contrast, the fundamental issue of fact in this cause was whether or not there had been at the time these two mineral deeds were executed by the Blanchards, any descriptions of the land at all, either in or on the deeds when executed.

Not only was that inquiry presumably controlling on the facts, Rule 279, Texas Rules of Civil Procedure, but appellants neither requested the submission of any others, nor tendered tentative forms therefor, nor have they even attacked the jury's verdict as lacking support in the testimony. Moreover, the indispensable supports for all 3 of "the presumptions as a matter of law" they depend upon were found lacking; that is, first, there were no descriptions in the instruments; second, there were no mutually agreed—upon omissions of them that could be thereafter added; and third, at that exact time the property in its entirety was the homestead of the Blanchards.

Wherefore, this much of this Court's former opinion in McLain et al. v. Class et ux., Tex.Civ.App., 204 S.W.2d 668, at page 670, writ of error refused, no reversible error, is adopted as being adversely determinative of this appeal also, to-wit:

"It is further the opinion of this Court that, the property so being homestead, and there having been at the time the deeds were executed no descriptions whatever of it in or on them, that they were consequently, under well-settled authority in Texas,

void ab initio, hence not susceptible of ratification thereafter by the transactions appellants advanced as having effected that result; indeed, it is thought that these facts bring this cause directly under the rule applied in the only two decisions in Texas on precisely the same state of facts, to which this court has been cited, to-wit: Blankenship v. Mott, Tex.Civ.App., 104 S.W.2d 607; Farmers Royalty Holding Co. v. Jeffus, Tex.Civ.App., 94 S.W.2d 255. The principle these two holdings declared, on the legal equivalent of precisely the same state of facts as here existed, was also upheld in Humble Oil & Refining Co. v. Clark, 126 Tex. 262, 87 S.W.2d 471.

"The presence of what must be determined to have been the outstanding facts in this instance—that is, first, that the property was homestead at the time; second, that there were no descriptions whatever in or on the deed when executed by the Bradens; and third, that no one was shown to have been granted any 'amanuensis-powers' to act thereafter for the grantors in writing any descriptions into them—not only clearly negative any of the presumptions so contended for in appellants' quoted points of error, but also make inapplicable the decisions and other authorities they cite as sustaining them.

"While the appellees do not controvert the correctness of the descriptions appellants detailed as being entitled to have been read into the two deeds, they do properly, it is thought, rely upon this declaration of the court in the cited Jeffus case [94 S.W. 2d 259], as showing the inapplicability of appellants' claim that such void deeds could be ratified, or thereafter re-acknowledged, to-wit: '* * * if they could at all be ratified, the ratification clause or portion of the instrument containing same must have been such as would amount to a present conveyance of the property involved, that is, such as would then convey title within itself * * *.'

"That was also the effect of the holding of the Supreme Court, through the Commission of Appeals, in the Humble v. Clark case, 126 Tex. 262, 87 S.W.2d 471, supra.

"In other words, if these two claimed-under deeds could have been ratified at all

by the re-execution of subsequent conveyances, those would have required terms that in themselves amounted to a sufficient present conveyance; * * *.

* * * * * *

"Wherefore; in such a state of this record, it seems clear that these deeds were void when made, and were not thereafter rendered effective as conveyances of their homestead property by any acts shown to have been done by the grantors therein."

The trial court's judgment will be affirmed.

Affirmed.