RESERVE PETROLEUM CO. et al. v.
MILLER et ux.

No. 11961.

Court of Civil Appeals of Texas. Galveston.

Feb. 26, 1948.

Savage, Gibson & Benefield, of Oklahoma City, Okl., and Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas (O. A. Fountain, of Dallas, of counsel), for appellants.

G. F. Steger, of Columbus, for appellees.

GRAVES, Justice.

This is, to all intents and purposes, a companion-cause to No. 11960, Reserve Petroleum Co. et al., appellants, v. Hodge, et al., appellees, Tex.Civ.App., 209 S.W.2d 220, this day decided by this Court.

The two separate controversies were decided below by the same court, practically contemporaneously, and upon records that reflect the same controlling features —varied only by the respectively different names of the parties thereto, as well as the suit-numbers, and the fact that they each had to do with distinct tracts of land.

What is thought to be a correct statement, not only of the nature and result of this particular suit below, but of the materially-dominating facts underlying it, is thus taken from the appellees' brief:

"This was an action in trespass-to-try-title to 25.68 acres of land, in Colorado County, Texas, brought by Awald Miller and wife, Martha Miller, herein called appellees, against The Reserve Petroleum Company, M. L. McLain, and Gulf Coast Western Oil Company, herein called appellants. While the petition was in the form prescribed by Rule 783, Texas Rules of Civil Procedure' for an action in Trespass to Try Title to the land, the claim of the appellees was that two mineral-deeds, executed by their predecessors-in-title, Anton H. Maertz, and wife, Jessie Anna Maertz, on October 8, 1931, and purporting to convey one-half of the minerals underlying the land, were void, because, at the time of the execution thereof, the land was homestead, and the description thereof was not attached to the deeds at the time they were signed and acknowledged.

"The cause was submitted to the jury, on one special issue: 'Special Issue No. 1. Did the mineral-deeds executed by A. H. Maertz and Jessie Maertz, on the 8th day of October, 1931, and introduced in evidence on this trial, contain a description of the lands involved in this suit? Answer this Special Issue 'Yes', or 'No'.'

"The jury answered 'No'.

"Upon the answer so made, the court rendered judgment for appellees, divesting appellants of any interest in the land.

"The mineral-deed forms, without any land description, were signed and acknowledged by A. H. Maertz and wife, Jessie A. Maertz, on October 8, 1931. The blanks in the forms, other than those provided for the description of the land, were at that time filled in with pen and ink. When the deeds were filed for record, each contained a description of the land on a typewritten sheet of paper, attached to the printed form.

"Neither Maertz nor his wife ever authorized anyone to alter or make insertions in the deeds, after they were signed and acknowledged; and no one was granted any 'amanuensis powers' to act thereafter for the grantors in writing any description into them.

"By deed dated October 25, 1932, Anton Maertz and wife conveyed the land involved to Awald Miller; and on May 10th, 1937, Jessie A. Maertz died.

"The land is now a part of the 168-acre homestead of Awald Miller and his wife, Martha Miller, appellees herein."

Precisely the same single special-issue— accommodated to the differing details—was submitted to the jury by the court as that in No. 11960, to which the jury gave the same negative answer, as above quoted.

Likewise, the appellants in this cause have made essentially the same attack upon this judgment, in substantial substance, that they made upon the other one in the Hodge case, albeit they are stated somewhat variantly in some respects.

It is accordingly deemed unnecessary to repeat and apply successively the detailed-holdings made in that cause to this one also, since it is now held that the same rules of law will apply to and control both appeals.

Indeed, the facts in this Awald Miller case are well-nigh precisely the same, as were those in McLain v. Class and wife, Tex.Civ.App., 204 S.W.2d 668, upon which, in large measure, the companion-case, No. 11960, has so been decided, with the exception that—in the Class case—the husband-grantor died, and the widow later conveyed to the parties who brought suit to cancel the deeds that were there held to be

void; whereas, in this Miller case, the wife-grantor died, and the surviving husband later conveyed the land involved to the parties who brought this suit to cancel the deeds claimed to void.

Wherefore, the rules of law applied by this Court to both the McLain and Hodge cases, together with the cited decisions upholding them, furnish the authority for the determination of this suit also.

Without further discussion, it is held that no reversible error has been pointed out upon this appeal hence the judgment of the trial court should be affirmed. It will be so ordered.

Affirmed.